**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**SOUTHERN DIVISION**
**NO. 7:18-cv-29**

|  |  |
|---|---|
| **RUPERT FUTREAL individually and as Administrator of the Estate of ELNA FUTREAL,** <br>      **Plaintiffs,** <br><br>         **v.** <br><br> **DUSTIN RINGLE; TRUE'S CUSTOM FLOOR COVERING, INC.; EAN HOLDINGS, LLC; ENTERPRISE LEASING COMPANY – SOUTHEAST, LLC; and ENTERPRISE HOLDINGS, INC.** <br>      **Defendants.** | **FIRST AMENDED COMPLAINT** <br> **(JURY TRIAL REQUESTED)** |

    **NOW COME** Plaintiffs and amend their Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), within 21 days after service of Defendants EAN Holdings, LLC, Enterprise Leasing Company – Southeast, LLC, and Enterprise Holdings, Inc.'s Rule 12(b)(6) Motion to Dismiss, and complaining of the above-named Defendants by alleging and saying as follows:

1. Plaintiff Rupert Futreal is a citizen and resident of Duplin County, North Carolina.

2. At the time of her death and at all times relevant herein, Elna Futreal was a citizen and resident of Duplin County, North Carolina.

3. Elna Futreal died on February 10, 2018 and her estate has been established in Duplin County, North Carolina.

4. Rupert Futreal is the duly appointed Administrator of the Estate of Elna Futreal and is acting as such in appearing in this action pursuant to N.C. Gen. Stat. § 28A-18-1 et. seq.

5. Upon information and belief, Defendant Dustin Ringle is a citizen and resident of Salina, Kansas.

6. Defendant True's Custom Floor Covering, Inc. is a corporation organized and existing under and by virtue of the laws of the State of Kansas with its principal place of business in Wichita, Kansas.

7. Upon information and belief, Defendant True's Custom Floor Covering, Inc. is engaged in the business of designing, selling, and installing flooring systems to commercial and residential customers, including customers located in the State of North Carolina.

8. Upon information and belief, Defendant True's Custom Floor Covering, Inc. directs marketing efforts into the State of North Carolina in an attempt to sell its products and services to individuals and businesses in North Carolina.

9. Upon information and belief, Defendant True's Custom Floor Covering, Inc. has entered into contracts with individuals and/or businesses in North Carolina for the sale and installation of flooring systems and other products.

10. At all relevant times, Defendant True's Custom Floor Covering, Inc. engaged in business in the State of North Carolina. Upon information and belief, in the weeks prior to the date of accident in this case Defendant True's Custom Floor Covering, Inc. sent at least one director and multiple other employees, including Defendant Dustin Ringle, into the State of North Carolina for the purpose of installing flooring systems for customers in the State of North Carolina.

11. Upon information and belief, Defendant Dustin Ringle was acting within the course and scope of his employment with True's Custom Floor Covering, Inc. at the time of accident in this case.

12. Defendant EAN Holdings, LLC is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business in St. Louis, Missouri.

13. Defendant EAN Holdings, LLC made application for a Certificate of Authority with the North Carolina Secretary of State in February 2009. Said application was filed by the North Carolina Secretary of State on April 3, 2009.

14. Upon information and belief, Defendant EAN Holdings, LLC is currently and at all relevant times was engaged in the business of renting automobiles to the public for profit in the State of North Carolina.

15. Upon information and belief, the sole member of EAN Holdings, LLC is Enterprise Holdings, Inc.

16. Defendant Enterprise Leasing Company – Southeast, LLC is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware.

17. Defendant Enterprise Leasing Company – Southeast, LLC made application for a Certificate of Authority with the North Carolina Secretary of State on July 23, 2009. Said application was filed by the North Carolina Secretary of State on August 4, 2009.

18. According to its 2017 Limited Liability Company Annual Report filed with the North Carolina Secretary of State on March 30, 2017, the principal office for Defendant Enterprise Leasing Company – Southeast, LLC is in Charlotte, Mecklenburg County, North Carolina.

19. Upon information and belief, Defendant Enterprise Leasing Company – Southeast, LLC is currently and at all relevant times herein was engaged in the business of renting automobiles to the public for profit in the State of North Carolina.

20. Upon information and belief, the sole member of Enterprise Leasing Company – Southeast, LLC is Enterprise Holdings, Inc.

21. Defendant Enterprise Holdings, Inc. is a corporation organized and existing under and by virtue of the laws of the State of Missouri with its principal place of business in St. Louis, Missouri.

22. Upon information and belief, Enterprise Holdings, Inc. is currently, and at all relevant times herein was engaged in the business of renting automobiles to the public for profit in the State of North Carolina.

23. Upon information and belief, Defendant Enterprise Leasing Company – Southeast, LLC, Enterprise Holdings, Inc., and EAN Holdings, LLC are in the business of renting motor vehicles to consumers for profit. These Defendants comprise the largest rental car company in the United States and have more than 5,400 "home city" locations and 419 airport locations throughout the country.

## FACTUAL BACKGROUND

24. On or about July 18, 2017, at approximately 8:49 a.m., Plaintiff Rupert Futreal was operating a 2007 Lincoln passenger vehicle, license plate number NYM7417, that was travelling in an eastbound direction on North Carolina Highway 41 approximately 6.60 miles south of Beulaville, North Carolina.

25. At all times relevant herein, Elna Futreal was a passenger in the vehicle described above.

26. At the time and place set forth above, Defendant Dustin Ringle was operating a 2017 Dodge truck, license plate number EKS5348, in northbound direction on North Carolina Highway 50 at or near its intersection with North Carolina Highway 41.

27. Upon information and belief, the 2017 Dodge truck, license plate number EKS5348, operated by Defendant Dustin Ringle at the time and place set forth above was owned by Defendant EAN Holdings, LLC.

28. Upon information and belief, Defendant Dustin Ringle was operating the 2017 Dodge truck, license plate number EKS5348, owned by Defendant EAN Holdings, LLC pursuant to a rental agreement with Defendant Enterprise Leasing Company – Southeast, LLC.

29. Upon information and belief, Defendant Dustin Ringle was an "additional authorized driver" according to a rental agreement with Defendant Enterprise Leasing Company – Southeast, LLC on the 2017 Dodge truck, license plate number EKS5348, owned by Defendant EAN Holdings, LLC.

30. Upon information and belief, at all relevant times herein, Defendant Dustin Ringle was operating the 2017 Dodge truck, license plate number EKS5348 with the express permission and consent of True's Custom Floor Covering, Inc. and one of its directors, Joseph True.

31. Upon information and belief, at all relevant times herein, Defendant Dustin Ringle was operating the 2017 Dodge truck, license plate number EKS5348 for a work purpose during the course and scope of his employment with Defendant True's Custom Floor Covering, Inc.

32. Upon information and belief, Defendant Enterprise Leasing Company – Southeast, LLC is an affiliate of Defendant Enterprise Holdings, Inc.

33. At the time and place described above, Defendant Dustin Ringle failed to stop at a duly erected stop sign and caused his vehicle to enter the intersection of North Carolina Highway 41 and North Carolina Highway 50 thereby causing his vehicle to strike Plaintiffs' vehicle.

34. Immediately following the above-described accident, Defendant Dustin Ringle unlawfully left and fled from the accident scene.

35. Shortly thereafter, Defendant Dustin Ringle was located and arrested by law enforcement personnel.

36. Trooper D.L. Turner of the North Carolina State Highway Patrol noted the following observations of Defendant Dustin Ringle after she began interacting with him:

   a. Strong odor of alcohol;

   b. Bloodshot, glassy eyes;

   c. Unsteady on his feet;

   d. Slurred speech;

   e. Relaxed face;

   f. Sleepy; and

   g. He had difficulty walking from one law enforcement vehicle to Trooper Turner's vehicle.

37. Trooper Turner administered the horizontal gaze nystagmus test to Defendant Dustin Ringle at the Duplin County Jail at approximately 10:57 a.m. Of the six

5

possible clues on this test, she noted all six of them. Trooper Turner also noted the presence of vertical gaze nystagmus.

38. After submitting to the horizontal gaze nystagmus test, Defendant Dustin Ringle refused to cooperate with Trooper Turner and would not perform the one leg stand test, walk and turn test, or any other psychophysical test.

39. At or around 11:11 a.m., Defendant Dustin Ringle submitted to a chemical analysis of his breath at the request of Trooper Turner.

40. Trooper Turner, as chemical analyst, administered the chemical analysis of Defendant Dustin Ringle's breath on a properly maintained and calibrated Intox EC/IR II. The results of said chemical analysis reported Defendant Dustin Ringle's blood alcohol concentration to be 0.18 g/210L, more than double North Carolina's legal limit of 0.08 g/210L.

41. As a result of the collision described above, Defendant Dustin Ringle was charged with the following offenses:
    a. Reckless driving and driving while impaired in Duplin County File Number 17-CR-51676;
    b. Failure to comply with license restriction and leaving the scene of an accident in 17-CR-703717; and
    c. Failure to wear a seatbelt and failure to report an accident in 17-CR-703718.

42. Upon information and belief, Dustin Ringle was operating the 2017 Dodge truck, license plate number EKS5348, as an "additional authorized driver" with the consent and approval of Defendants Enterprise Leasing Company – Southeast, LLC, EAN Holdings, LLC, and Enterprise Holdings, Inc.

43. At the time of the July 18, 2017 drunk driving accident described above, at the time he applied for and was approved as an "additional authorized driver" of the rental truck, and at all other relevant times described herein, Defendant Dustin Ringle was driving under a restricted Kansas driver's license bearing a notice of restriction in bold type and differing colored text, including a symbol of a padlock, that read "IGNITION INTERLOCK."

44. Upon information and belief, Defendant Dustin Ringle has never complied with the ignition interlock restriction placed upon his driver's license by the Kansas

6

Department of Motor Vehicles on June 22, 2016 in that he never had an ignition interlock device installed in any automobile he owned or operated as prescribed by law.

45. Upon information and belief, Defendants Enterprise Leasing Company – Southeast, LLC, EAN Holdings, LLC, and Enterprise Holdings, Inc. have adopted certain policies and procedures that mandate any license which, on its face, restricts the licensee to the use and operation of a vehicle equipped with an ignition interlock device shall not be accepted for purposes of renting and/or driving one of their vehicles and any person holding such a license with an ignition interlock restriction is not to be allowed to rent or operate any vehicle owned by the above-described companies.

46. The above-described ignition interlock restriction was in place, valid, and effective as of the date that Defendant Dustin Ringle was approved and authorized as an "additional authorized driver" under the rental agreement by an employee, agent, manager, officer, and/or director of Defendants EAN Holdings, LLC, Enterprise Leasing Company – Southeast, LLC, and/or Enterprise Holdings, Inc.

47. The ignition interlock restriction on Defendant Dustin Ringle's driver's license was in place, valid, and effective as of the July 18, 2017 accident.

48. Upon information and belief, Defendant Dustin Ringle or some other person presented Defendant Dustin Ringle's Kansas driver's license bearing the above-referenced ignition interlock restriction on its face to an employee, agent, manager, officer, or director of Defendant EAN Holdings, LLC, Enterprise leasing Company – Southeast, LLC, and/or Enterprise Holdings, Inc. prior to the time that Defendant Dustin Ringle was approved and listed as an "additional authorized driver" under said rental agreement.

49. The July 18, 2017 drunk driving accident described above was far from Defendant Dustin Ringle's first alcohol-related driving offense. Upon information and belief, prior to July 18, 2017 Defendant Dustin Ringle was convicted of the following offenses:

   a. Involuntary manslaughter while DUI on August 19, 2011 arising out of an incident on August 29, 2010 in the State of Kansas;

b. Driving while impaired on August 19, 2011 arising out of an incident on August 29, 2010 in the State of Kansas;

c. Driving while license revoked on August 19, 2011 arising out of an incident on August 29, 2010 in the State of Kansas; and

d. Driving while impaired on July 14, 2009 arising out of an incident on April 10, 2007 in the State of Kansas.

e. Upon information and belief, Defendant Dustin Ringle was determined to be a "habitual violator" as such terms are defined in K.S.A. § 8-285 on November 8, 2011.

50. The above-referenced involuntary manslaughter while DUI conviction was the result of a drunk driving accident that occurred on August 29, 2010.  The law enforcement officers investigating said incident found 19 beer cans at the scene and a 30-pack beer carton inside the wrecked car. The officers calculated Defendant Dustin Ringle was driving 96 miles an hour in a 40 mile per hour zone.  Immediately before crossing the roadway's centerline, Defendant Dustin Ringle overcorrected and entered a sideways skid during which the vehicle rotated 180 degrees before leaving the roadway. The back end of the car then hit a drain culvert and became airborne. The accident scene extended almost two-tenths of a mile, and the car left over 300 feet of skid marks before it struck the culvert.  Defendant Dustin Ringle's blood alcohol concentration at a relevant time after said driving was 0.27 g/210L.

51. All of the above offenses and/or convictions would have been readily available to anyone who made a simple inquiry into Defendant Dustin Ringle's background, looked at the face of his driver's license, ran a driving record, or conducted a criminal background check on Defendant Dustin Ringle on or before July 18, 2017, on or before his date of hire at True's Custom Floor Covering, Inc., and on or before the date he was listed as an "additional authorized driver" by the Enterprise Defendants

### FIRST CLAIM FOR RELIEF:
### _ORDINARY NEGLIGENCE AND GROSS NEGLIGENCE - DEFENDANT DUSTIN RINGLE_

52. The allegations contained in Paragraphs 1 through Paragraph 51 above are realleged and incorporated as if fully set forth herein.

53. On or about July 18, 2017, at approximately 8:49 a.m., Plaintiff Rupert Futreal was operating a 2007 Lincoln passenger vehicle, license plate number NYM7417, that was traveling in an eastbound direction on North Carolina Highway 41 approximately 6.60 miles south of Beulaville, North Carolina.

54. At all times relevant herein, Elna Futreal was a passenger in the vehicle described above.

55. At the time and place set forth above, Defendant Dustin Ringle was operating a 2017 Dodge truck, license plate number EKS5348, in a northbound direction on North Carolina Highway 50 at or near its intersection with North Carolina Highway 41.

56. Northbound traffic on North Carolina Highway 50 is controlled by a lawfully erected stop sign at North Carolina Highway 50's intersection with North Carolina Highway 41.

57. Upon information and belief, the 2017 Dodge truck, license plate number EKS5348, operated by Defendant Dustin Ringle at the time and place set forth above was owned by Defendant EAN Holdings, LLC.

58. Upon information and belief, Defendant Dustin Ringle was operating the 2017 Dodge truck, license plate number EKS5348, owned by Defendant EAN Holdings, LLC pursuant to a rental agreement with Defendant Enterprise Leasing Company – Southeast, LLC.

59. Upon information and belief, Defendant Dustin Ringle was an "additional authorized driver" according to a rental agreement with Defendant Enterprise Leasing Company – Southeast, LLC on the 2017 Dodge truck, license plate number EKS5348, owned by Defendant EAN Holdings, LLC.

60. Upon information and belief, the sole member of Defendant Enterprise Leasing Company – Southeast, LLC is Defendant Enterprise Holdings, Inc.

61. At the time and place described above, the ignition interlock restriction on Defendant Dustin Ringle's driver's license was valid and in full force and effect.

62. The 2017 Dodge truck, license plate number EKS5348, owned by Defendant EAN Holdings, LLC, was not equipped with an ignition interlock device.

63. At the time and place described above, Defendant Dustin Ringle failed to stop at a duly erected stop sign, causing his vehicle to enter the intersection of North Carolina Highway 41 and North Carolina Highway 50 and strike Plaintiffs' vehicle.

64. More than two hours after the accident, a chemical analysis of Defendant Dustin Ringle's breath revealed a blood alcohol concentration of 0.18 g/210L, more than double North Carolina's legal limit of 0.08 g/210L.

65. Plaintiffs then and there suffered severe and painful injuries and emotional distress and as a result of these injuries, Plaintiffs have experienced and will continue to experience great physical pain and suffering, emotional distress, loss of enjoyment of life, and loss of financial resources due to medical expenses related to the accident.

66. The collision described above was the direct and proximate result of the negligence of Defendant Dustin Ringle.

67. Defendant Dustin Ringle was negligent and grossly negligent in that he among other acts and omissions:
    a. Drove while impaired in violation of N.C. Gen. Stat. § 20-138.1;
    b. Failed to maintain a reasonable lookout;
    c. Failed to maintain constant attention while operating his vehicle;
    d. Failure to yield the right of way;
    e. Stopped, started, or turned from a direct line without first ascertaining that the action or movement could be made in safety in violation of N.C. Gen. Stat. § 20-154;
    f. Drove his vehicle carelessly and heedlessly in willful or wanton disregard of the rights or safety of others in violation of N.C. Gen. Stat. § 20-140(a);
    g. Drove his vehicle without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property in violation of N.C. Gen. Stat. § 20-140(b);
    h. Operated a motor vehicle on the streets and highways of the State of North Carolina without a valid driver's license in violation of N.C. Gen. Stat. § 20-7;

10

<ol type="i" start="9">
<li>Violated the terms of his restricted license by failing to ensure that any vehicle he operated was equipped with an ignition interlock device;</li>
<li>Failed to stop at a duly erected stop sign in violation of N.C. Gen. Stat. § 20-158;</li>
<li>Otherwise failed to act as an ordinary, reasonable and prudent person would act under the same or similar circumstances.</li>
</ol>

68. Defendant Dustin Ringle's long history of impaired driving, which included multiple convictions for DUI prior to July 18, 2017 and the 2010 death of a passenger in his vehicle when he was driving with a blood alcohol concentration more than three times the State of Kansas' legal limit caused or should have caused Defendant Dustin Ringle to know that his actions in driving while impaired constituted a substantial disregard of and indifference of the safety of other motorists on the road, including Plaintiffs, on July 18, 2017.

69. Defendant Dustin Ringle's actions, including but not limited to his operation of a motor vehicle while impaired and in violation of his ignition interlock driver's license restriction, constitute a conscious and intentional disregard and indifference of the safety and welfare of others, constituting gross negligence.

70. As a direct and proximate result of the collision described above, Plaintiffs suffered severe and painful injuries and emotional distress and as a result of these injuries, Plaintiffs have experienced and will continue to experience great physical pain and suffering, emotional distress, loss of enjoyment of life, and loss of financial resources due to medical expenses related to the accident, in an amount in excess of $25,000.

71. Defendant Dustin Ringle's negligence, gross negligence, and willful and wanton conduct was a direct and proximate cause of the collision and the resulting injuries and damages to Plaintiffs, and Plaintiffs are entitled to recover damages in an amount in excess of $25,000.

### SECOND CLAIM FOR RELIEF:
### *RESPONDEAT SUPERIOR – TRUE'S CUSTOM FLOOR COVERINGS, INC.*

72. The allegations contained in Paragraphs 1 through Paragraph 71 above are realleged and incorporated as if fully set forth herein.

73. Upon information and belief, Defendant Dustin Ringle was an employee, agent, and/or servant of Defendant True's Custom Floor Covering, Inc. on the date and time referenced above.

74. Upon information and belief, at all times relevant hereto, Defendant Dustin Ringle was acting within the course and scope of his employment, agency, and/or servitude for Defendant True's Custom Floor Covering, Inc.

75. The negligence of Defendant Dustin Ringle is imputed to his employer, Defendant True's Custom Floor Covering, Inc., by operation of the doctrine of *respondeat superior*.

### THIRD CLAIM FOR RELIEF:
### *PUNITIVE DAMAGES - DEFENDANT DUSTIN RINGLE*

76. The allegations contained in Paragraphs 1 through Paragraph 75 above are realleged and incorporated as if fully set forth herein.

77. Based on the allegations as outlined above, Defendant Dustin Ringle is liable to Plaintiffs for compensatory damages.

78. Upon information and belief, Defendant Dustin Ringle's actions as described above constitute the conscious and intentional disregard of and indifference to the rights and safety of others, which Defendant knew or should have known were reasonably likely to result in injury, damage, or harm.

79. Upon information and belief, Defendant Dustin Ringle's actions as described above constitute willful and wanton negligence, entitling Plaintiff's to recovery of punitive damages pursuant to N.C. Gen. Stat. § 1D-1, et seq. in an amount sufficient to punish Defendant Dustin Ringle for his egregiously wrongful acts and to deter Defendant Dustin Ringle and others from committing similar wrongful acts, said amount to be determined by a jury.

80. Plaintiffs specifically plead the provisions of N.C. Gen. Stat. § 1D-26 which exempt their claims for punitive damages from the statutory cap contained in N.C. Gen. Stat. § 1D-25(b) in light of the fact that Defendant Dustin Ringle's actions in operating the motor vehicle gave rise to an offense of driving while impaired under N.C. Gen. Stat. § 20-138.1, 20-138.2, and/or 20-138.5.

81. Upon information and belief, Defendant Dustin Ringle's actions as described above were a direct and proximate cause of the collision and the resulting injuries and damages to Plaintiffs, and Plaintiffs are entitled to recover punitive damages in an amount in excess of $25,000.

## FOURTH CLAIM FOR RELIEF:
### *NEGLIGENT AND GROSSLY NEGLIGENT HIRING, TRAINING, SUPERVISION, OR RETENTION - DEFENDANT TRUE'S CUSTOM FLOOR COVERING, INC.*

82. The allegations contained in Paragraphs 1 through Paragraph 81 above are realleged and incorporated as if fully set forth herein.

83. Defendant True's Custom Floor Covering, Inc. owed Plaintiffs and other members of the public a legal duty of care to exercise reasonable care in the hiring, supervision, training, and retention of its employees, particularly so with respect to employees who would be required or permitted to operate motor vehicles on the roads of any state, including North Carolina, in conjunction with their employment.

84. Defendant True's Custom Floor Covering, Inc. owed the general public, including Plaintiffs, a duty to determine the qualifications of its employees including, but not limited to, (a) adequately evaluating applicants before hiring them to operate motor vehicles; (b) adequately training and supervising these drivers and employees; and (c) adequately evaluating these employees' job performance so as to discharge any incompetent or negligent employee before he or she injured the public and/or its property.

85. Defendant True's Custom Floor Covering, Inc. owed Plaintiffs and other members of the public a legal duty of care to determine that any employee who would be required or permitted to operate a motor vehicle was duly qualified to do so, held a valid driver's license, and did not violate any applicable restrictions on said driver's license such as an ignition interlock restriction.

86. Defendant True's Custom Floor Covering, Inc. owed Plaintiffs and other members of the public a legal duty of care to prevent any employee with a demonstrated history of impaired driving to operate motor vehicles during the course of his or her employment.

87. At all times relevant herein, Defendant Dustin Ringle was incompetent to operate a motor vehicle based on his driving history, because he was impaired,

13

because he was not in compliance with the ignition interlock restriction on his license, and other reasons as outlined above.

88. Upon information and belief, Defendant True's Custom Floor Covering, Inc. was aware of Defendant Dustin Ringle's driving history, prior history of driving while impaired, and the presence of the ignition interlock restriction on his license.

89. Defendant True's Custom Floor Covering, Inc. knew or should have known of Defendant Dustin Ringle's incompetence as a simple interview, review of the face of his driver's license, driving record search, criminal record check, or other inquiry would have revealed the existence of multiple convictions for impaired driving and related offenses, including a prior involuntary manslaughter conviction arising out of an impaired driving incident in 2010.

90. Defendant True's Custom Floor Covering, Inc. knew or should have known that Defendant Dustin Ringle was likely to operate a motor vehicle while impaired based upon his driving and criminal records and repeated prior instances of operating motor vehicles while impaired.

91. Prior to the acts occurring on July 18, 2017 as referenced above by Defendant Dustin Ringle, Defendant True's Custom Floor Covering, Inc. had either actual or constructive notice of Defendant Dustin Ringle's incompetence.

92. Nonetheless, upon information and belief, Defendant True's Custom Floor Covering, Inc., through its managers, officers, or directors, permitted and allowed Defendant Dustin Ringle to operate the 2017 Dodge truck, license plate number EKS5348, on July 18, 2017.

93. Specifically, Joseph True, a director of True's Custom Floor Covering, Inc., authorized, requested, and permitted that Defendant Dustin Ringle be listed as an "additional authorized driver" for the 2017 Dodge truck, license plate number EKS5348, despite the fact that he knew or should have known of Defendant Dustin Ringle's incompetence and history of driving while impaired.

94. Upon information and belief, Joseph True, a director of True's Custom Floor Covering, Inc., and other as yet unidentified employees, managers, officers, and/or directors of True's Custom Floor Covering, Inc. knew or should have known of Defendant Dustin Ringle's impairment on July 18, 2017 and

nonetheless allowed him to drive the 2017 Dodge truck, license plate number EKS5348.

95. As a direct and proximate result of the collision described above, Plaintiffs suffered severe and painful injuries and emotional distress and as a result of these injuries, Plaintiffs have experienced and will continue to experience great physical pain and suffering, emotional distress, loss of enjoyment of life, and loss of financial resources due to medical expenses related to the accident, in an amount in excess of $25,000.

96. Defendant True's Custom Floor Coverings, Inc.'s actions and/or failures to act constitute gross negligence.

97. Defendant True's Custom Floor Covering, Inc.'s negligence and gross negligence, and Dustin Ringle's incompetence, were each a proximate cause of the resulting injuries and damages to Plaintiffs, and Plaintiffs are entitled to recover damages in an amount in excess of $25,000 from Defendant True's Custom Floor Covering, Inc.

## FIFTH CLAIM FOR RELIEF:
### *PUNITIVE DAMAGES - NEGLIGENT AND GROSSLY NEGLIGENT HIRING, TRAINING, SUPERVISION, OR RETENTION - DEFENDANT TRUE'S CUSTOM FLOOR COVERING, INC.*

98. The allegations contained in Paragraphs 1 through Paragraph 97 above are realleged and incorporated as if fully set forth herein.

99. Based on the allegations as outlined above, Defendant True's Custom Floor Covering, Inc. is liable to Plaintiffs for compensatory damages.

100.    Upon information and belief, Defendant True's Custom Floor Coverings, Inc.'s actions as described above constitute the conscious and intentional disregard of and indifference to the rights and safety of others, which Defendant True's Custom Floor Coverings, Inc. knew or should have known were reasonably likely to result in injury, damage, or harm. Defendant True's Custom Floor Coverings, Inc.'s actions amount to willful or wanton conduct and support an award of punitive damages.

101.    Upon information and belief, officers, directors, or managers of Defendant True's Custom Floor Covering, Inc. were involved in the hiring, training, and

15

retention of Defendant Dustin Ringle, the evaluation of Defendant Dustin Ringle's ability to be listed as an "additional authorized driver" for the rental vehicle, the evaluation of Defendant Dustin Ringle's ability to safely operate the truck in question, and the decision to allow him to be listed as an "additional authorized driver" despite the ignition interlock restriction that appeared on the face of his driver's license. Furthermore, upon information and belief Defendant True's Custom Floor Covering, Inc., through it's director, Joseph True, was aware that Defendant Dustin Ringle was operating the truck in question on July 18, 2017 when he was not fit to do so.

102. Upon information and belief, officers, directors, or managers of Defendant True's Custom Floor Covering, Inc., including but not limited to Joseph True, participated in or condoned the conduct constituting willful or wanton conduct and giving rise to punitive damages.

103. Upon information and belief, Defendant True's Custom Floor Coverings, Inc.'s actions as described above were a direct and proximate cause of the collision and the resulting injuries and damages to Plaintiffs, and Plaintiffs are entitled to recover punitive damages in an amount in excess of $25,000.

### SIXTH CLAIM FOR RELIEF:
### *NEGLIGENT, GROSSLY NEGLIGENT, AND WILLFUL AND WANTON ENTRUSTMENT – TRUE'S CUSTOM FLOOR COVERING, INC.*

104. The allegations contained in Paragraphs 1 through Paragraph 103 above are realleged and incorporated as if fully set forth herein.

105. Upon information and belief, Joseph True, a director of True's Custom Floor Covering, Inc., was the renter on Rental Agreement 442848730 with Defendant Enterprise Leasing Company – Southeast, LLC for the 2017 Dodge truck, license plate number EKS5348.

106. Upon information and belief, Defendant Dustin Ringle was an "additional authorized driver" on Rental Agreement 442848730 with Defendant Enterprise Leasing Company – Southeast, LLC on the 2017 Dodge truck, license plate number EKS5348.

107. Upon information and belief, Joseph True, a director of True's Custom Floor Covering, Inc., authorized, requested, and permitted that Defendant Dustin

16

Ringle be listed as an "additional authorized driver" for the 2017 Dodge truck, license plate number EKS5348, despite the fact that he knew or should have known of Defendant Dustin Ringle's incompetence and history of driving while impaired.

108.     Upon information and belief, at all times relevant herein, Defendant Dustin Ringle was operating the 2017 Dodge truck, license plate number EKS5348, pursuant to a rental agreement with Defendant Enterprise Leasing Company – Southeast, LLC.

109.     Upon information and belief, Defendant True's Custom Floor Covering, Inc. and one of its directors, Joseph True, were responsible for the 2017 Dodge truck, license plate number EKS5348, operated by Defendant Dustin Ringle and exercised control over who was allowed to operate said vehicle during the rental period.

110.     Upon information and belief, at all relevant times Defendant Dustin Ringle was operating the 2017 Dodge truck, license plate number EKS5348 with the express permission and consent of Defendant True's Custom Floor Covering, Inc. and one of its directors, Joseph True.

111.     Upon information and belief, at all relevant times Defendant Dustin Ringle was operating the 2017 Dodge truck, license plate number EKS5348 for a work purpose during the course and scope of his employment with Defendant True's Custom Floor Covering, Inc.

112.     As alleged above, Defendant Dustin Ringle was an incompetent driver due to his history of impaired driving and restriction on the face of his driver's license that only authorized him to operate vehicles equipped with an ignition interlock device.

113.     Upon information and belief, Defendant True's Custom Floor Coverings, Inc. knew or should have known Defendant Dustin Ringle was an incompetent driver based on a simple review of his driver's license, which included an ignition interlock restriction on the face thereof.

114.     Defendant True's Custom Floor Coverings, Inc. was negligent in their own right in that they negligently entrusted the above-described automobile to Defendant Dustin Ringle when they knew, or in the exercise of reasonable care,

should have known, that Defendant Dustin Ringle was not a safe or reliable driver, that he did not respect the laws of the road or North Carolina's automobile laws, that he had a history of impaired driving, that he was only authorized by the laws of the State of Kansas to operate a vehicle equipped with an ignition interlock device as reflected on the face of his driver's license, and in such other and further ways as may be proven through discovery and at trial.

115. Defendant True's Custom Floor Coverings, Inc. knew, or should have known, that Defendant Dustin Ringle was likely, based on his driving history, to use the entrusted rental vehicle in a manner that involves the unreasonable risk of physical harm to himself or others.

116. Upon information and belief, prior to the collision referred to herein, Defendant Dustin Ringle was charged and/or convicted of a number of separate traffic violations.

117. Upon information and belief, Defendant Dustin Ringle has been convicted of the following offenses:
   a. Involuntary manslaughter while DUI on August 19, 2011 arising out of an incident on August 29, 2010 in the State of Kansas;
   b. Driving while impaired on August 19, 2011 arising out of an incident on August 29, 2010 in the State of Kansas;
   c. Driving while license revoked on August 19, 2011 arising out of an incident on August 29, 2010 in the State of Kansas; and
   d. Driving while impaired on July 14, 2009 arising out of an incident on April 10, 2007 in the State of Kansas.

118. Upon information and belief, Defendant Dustin Ringle was determined to be a "habitual violator" as such terms are defined in K.S.A. § 8-285 on November 8, 2011.

119. Upon information and belief, the State of Kansas has imposed a restriction on the driver's license of Defendant Dustin Ringle such that he is only authorized to drive a vehicle equipped with an ignition interlock device. Said interlock restriction was in effect on July 18, 2017 and was in full force and effect when Defendant Dustin Ringle's driver's license was provided to Defendant Enterprise Leasing Company – Southeast, LLC

18

120.     Defendant True's Custom Floor Coverings, Inc. had a duty to exercise reasonable care to know about the driving record, driving abilities, and driver's license status of Defendant Dustin Ringle, particularly in light of the ignition interlock restriction on the face of his license.

121.     Defendant True's Custom Floor Coverings, Inc. breached their duty to exercise reasonable care to know about the driving record, driving abilities, and driver's license status of Defendant Dustin Ringle.

122.     Defendant True's Custom Floor Coverings, Inc. was negligent in that they:
   a. Breached their duty to other operators of motor vehicles on the highways of the State of North Carolina by failing to know or take reasonable care to learn about the inability of Defendant Dustin Ringle to comply with the laws of the road;
   b. Failed to properly train Defendant Dustin Ringle in the operation of motor vehicles;
   c. Permitted Defendant Dustin Ringle to operate a vehicle that was not equipped with an ignition interlock device;
   d. Permitted Defendant Dustin Ringle to operate a vehicle as an ""additional authorized driver"" when his license restricts the licensee to the use and operation of a vehicle equipped with an ignition interlock device and the 2017 Dodge truck, license plate number EKS5348, was not equipped with an ignition interlock device;
   e. Permitted Defendant Dustin Ringle to operate a vehicle as an "additional authorized driver" on the date of accident when they knew or should have known that he was intoxicated; and
   f. Was negligent in other ways to be proven through discovery and at trial.

123.     As a result of the knowledge that Defendant True's Custom Floor Coverings, Inc. had or should have had, their decision to authorize Defendant Dustin Ringle to operate the 2017 Dodge truck, license plate number EKS5348 constituted negligent entrustment of said vehicle to Defendant Dustin Ringle.

124.     Moreover, Defendant True's Custom Floor Coverings, Inc.'s actions in authorizing Defendant Dustin Ringle to operate the 2017 Dodge truck, license plate number EKS5348, when they were aware that the face of his driver's license contained an ignition interlock restriction constituted gross negligence and an

intentional wrongdoing or deliberate misconduct affecting the safety of others, where the act was done purposely and with knowledge that such an act was a breach of duty to other motorists in North Carolina, including Plaintiffs. Said actions constituted a conscious disregard of the safety of others, including Plaintiffs.

125. Moreover, Defendant True's Custom Floor Coverings, Inc.'s actions in authorizing Defendant Dustin Ringle to operate the 2017 Dodge truck, license plate number EKS5348, when they were aware that the face of his driver's license contained an ignition interlock restriction, constituted willful and wanton conduct and a conscious and intentional disregard of and indifference to the rights and safety of others, which Defendant knew or should have known were reasonably likely to result in injury, damage, or harm, entitled Plaintiffs to an award of punitive damages.

126. Upon information and belief, officers, directors, or managers of Defendant True's Custom Floor Coverings, Inc., including Joseph True, were involved in the evaluation of Defendant Dustin Ringle's request to be listed as an "additional authorized driver" and the decision to allow him to be listed as an "additional authorized driver" despite the ignition interlock restriction on the face of his driver's license.

127. Upon information and belief, officers, directors, or managers of Defendant True's Custom Floor Coverings, Inc., including Joseph True, participated in or condoned the conduct constituting willful or wanton conduct and giving rise to punitive damages.

128. Defendant True's Custom Floor Coverings, Inc.'s negligence, gross negligence, and willful and wanton conduct in negligently entrusting the above-described vehicle to Defendant Dustin Ringle was a direct and proximate cause of the injuries to Plaintiffs as set forth above.

129. As a result of Defendant True's Custom Floor Coverings, Inc. negligence, gross negligence, and willful and wanton conduct, as set forth above, Plaintiffs are entitled to recover compensatory and punitive damages in an amount in excess of $25,000.

## SEVENTH CLAIM FOR RELIEF:
### *PUNITIVE DAMAGES - NEGLIGENT, GROSSLY NEGLIGENT, AND WILLFUL AND WANTON ENTRUSTMENT – TRUE'S CUSTOM FLOOR COVERING, INC.*

130.     The allegations contained in Paragraphs 1 through Paragraph 129 above are realleged and incorporated as if fully set forth herein.

131.     Based on the allegations as outlined above, Defendant True's Custom Floor Coverings, Inc. is liable to Plaintiffs for compensatory damages.

132.     Upon information and belief, Defendant True's Custom Floor Coverings, Inc.'s actions as described above constitute the conscious and intentional disregard of and indifference to the rights and safety of others, which Defendant True's Custom Floor Coverings, Inc. knew or should have known were reasonably likely to result in injury, damage, or harm.

133.     Upon information and belief, officers, directors, or managers of Defendant True's Custom Floor Coverings, Inc., including Joseph True, were involved in the evaluation of Defendant Dustin Ringle's request to be listed as an "additional authorized driver" and the decision to allow him to be listed as an "additional authorized driver" despite the ignition interlock restriction on the face of his driver's license.

134.     Upon information and belief, officers, directors, or managers of Defendant True's Custom Floor Coverings, Inc., including Joseph True, participated in or condoned the conduct constituting willful or wanton conduct and giving rise to punitive damages.

135.     Upon information and belief, Defendant True's Custom Floor Coverings, Inc.'s actions as described above were a direct and proximate cause of the collision and the resulting injuries and damages to Plaintiffs, and Plaintiffs are entitled to recover punitive damages in an amount in excess of $25,000.

## EIGHTH CLAIM FOR RELIEF:
### *NEGLIGENT, GROSSLY NEGLIGENT, AND WILLFUL AND WANTON ENTRUSTMENT - DEFENDANT ENTERPRISE LEASING COMPANY – SOUTHEAST, LLC*

136.     The allegations contained in Paragraphs 1 through Paragraph 135 above are realleged and incorporated as if fully set forth herein.

21

137.    Upon information and belief, the 2017 Dodge truck, license plate number EKS5348, operated by Defendant Dustin Ringle at the time and place set forth above was owned by Defendant EAN Holdings, LLC.

138.    Upon information and belief, Defendant Enterprise Leasing Company – Southeast, LLC also possessed an ownership interest in the 2017 Dodge truck, license plate number EKS5348, or otherwise had an interest in the control and operation of the truck and exercised control over who would be allowed to operate said truck.

139.    Upon information and belief, Defendant Dustin Ringle was operating the 2017 Dodge truck, license plate number EKS5348, pursuant to a rental agreement with Defendant Enterprise Leasing Company – Southeast, LLC.

140.    Upon information and belief, Defendant Dustin Ringle was an "additional authorized driver" on Rental Agreement 442848730 with Defendant Enterprise Leasing Company – Southeast, LLC on the 2017 Dodge truck, license plate number EKS5348.

141.    As alleged above, Defendant Dustin Ringle was an incompetent driver due to his history of impaired driving and the license issued to Defendant Dustin Ringle by the State of Kansas restricts the licensee to the use and operation of a vehicle equipped with an ignition interlock device and a notice of said restriction appeared on the face of his physical license.

142.    Upon information and belief, Defendant Enterprise Leasing Company – Southeast, LLC knew or should have known Defendant Dustin Ringle was an incompetent driver based on a simple review of his driver's license, which included an ignition interlock restriction on the face thereof.

143.    Upon information and belief, policies enacted by Defendant Enterprise Leasing Company – Southeast, LLC, EAN Holdings, LLC, and Enterprise Holdings, Inc. mandated any license which, on its face, restricts the licensee to the use and operation of a vehicle equipped with an ignition interlock device shall not be accepted for purposes of renting and/or driving one of their vehicles and any person holding such a license with an ignition interlock restriction is not to be allowed to rent or operate any vehicle owned by the above-described

companies. Accordingly, upon information and belief, based on said policies, Defendant Dustin Ringle's license with the restrictions described above should not have been allowed to rent or operate any rental vehicle owned or leased by said companies.

144. Defendant Enterprise Leasing Company – Southeast, LLC was negligent in their own right in that they negligently entrusted the above-described automobile to Defendant Dustin Ringle when they knew, or in the exercise of reasonable care, should have known, that Defendant Dustin Ringle was not a safe or reliable driver, that he did not respect the laws of the road or North Carolina's automobile laws, that he had a history of impaired driving offenses, that he was only authorized by the laws of the State of Kansas to operate a vehicle equipped with an ignition interlock device as reflected on the face of his driver's license, and in such other and further ways as may be proven through discovery and at trial.

145. Defendant Enterprise Leasing Company – Southeast, LLC knew, or should have known, that Defendant Dustin Ringle was likely to use the entrusted rental vehicle in a manner that involves the unreasonable risk of physical harm to himself or others.

146. Upon information and belief, prior to the collision referred to herein, Defendant Dustin Ringle was charged and/or convicted of a number of separate traffic violations.

147. Upon information and belief, Defendant Dustin Ringle has been convicted of the following offenses:
- e. Involuntary manslaughter while DUI on August 19, 2011 arising out of an incident on August 29, 2010 in the State of Kansas;
- f. Driving while impaired on August 19, 2011 arising out of an incident on August 29, 2010 in the State of Kansas;
- g. Driving while license revoked on August 19, 2011 arising out of an incident on August 29, 2010 in the State of Kansas; and
- h. Driving while impaired on July 14, 2009 arising out of an incident on April 10, 2007 in the State of Kansas.

148.     Upon information and belief, Defendant Dustin Ringle was determined to be a "habitual violator" as such terms are defined in K.S.A. § 8-285 on November 8, 2011.

149.     Upon information and belief, the State of Kansas has imposed a restriction on the driver's license of Defendant Dustin Ringle such that he is only authorized to drive a vehicle equipped with an ignition interlock device. Said interlock restriction was in effect on July 18, 2017 and was in full force and effect when Defendant Dustin Ringle's driver's license was provided to Defendant Enterprise Leasing Company – Southeast, LLC

150.     Defendant Enterprise Leasing Company – Southeast, LLC had a duty to exercise reasonable care to know about the driving record, driving abilities, and driver's license status of Defendant Dustin Ringle, particularly in light of the ignition interlock restriction on the face of his license.

151.     Defendant Enterprise Leasing Company – Southeast, LLC had a duty to properly apply and follow policies adopted by said company which would have applied to Defendant Dustin Ringle's license, with an ignition interlock restriction on the face thereof, and which upon information and belief should have barred Defendant Dustin Ringle from being approved as an "additional authorized driver".

152.     Defendant Enterprise Leasing Company – Southeast, LLC breached their duty to exercise reasonable care to know about the driving record, driving abilities, and driver's license status of Defendant Dustin Ringle.

153.     Defendant Enterprise Leasing Company – Southeast, LLC was negligent in that they:
   a. Breached their duty to other operators of motor vehicles on the highways of the State of North Carolina by failing to know or take reasonable care to learn about the inability of Defendant Dustin Ringle to comply with the laws of the road;
   b. Failed to properly train Defendant Dustin Ringle in the operation of motor vehicles;
   c. Permitted Defendant Dustin Ringle to operate a vehicle as an "additional authorized driver" when his license restricts the licensee to the use and

operation of a vehicle equipped with an ignition interlock device and the 2017 Dodge truck, license plate number EKS5348, was not equipped with an ignition interlock device;

d. Permitted Defendant Dustin Ringle to operate a vehicle that was not equipped with an ignition interlock device;

e. Violated the terms and conditions of its own rental agreement or other applicable policies by authorizing Defendant Dustin Ringle to operate the 2017 Dodge truck, license plate number EKS5348 as an ""additional authorized driver"" without a valid license; and

f. Was negligent in other ways to be proven through discovery and at trial.

154. As a result of the knowledge that Defendant Enterprise Leasing Company – Southeast, LLC had or should have had, their decision to authorize Defendant Dustin Ringle to operate the 2017 Dodge truck, license plate number EKS5348 constituted negligent entrustment of said vehicle to Defendant Dustin Ringle.

155. Moreover, Defendant Enterprise Leasing Company – Southeast, LLC's actions in authorizing Defendant Dustin Ringle to operate the 2017 Dodge truck, license plate number EKS5348, when they were aware the license issued to Defendant Dustin Ringle by the State of Kansas restricts the licensee to the use and operation of a vehicle equipped with an ignition interlock device and a notice of said restriction appeared on the face of his physical license constituted gross negligence and an intentional wrongdoing or deliberate misconduct affecting the safety of others, where the act was done purposely and with knowledge that such an act was a breach of duty to other motorists in North Carolina, including Plaintiffs. Said actions constituted a conscious disregard of the safety of others, including Plaintiffs.

156. Moreover, Defendant Enterprise Leasing Company – Southeast, LLC's actions in authorizing Defendant Dustin Ringle to operate the 2017 Dodge truck, license plate number EKS5348, when they were aware the license issued to Defendant Dustin Ringle by the State of Kansas restricts the licensee to the use and operation of a vehicle equipped with an ignition interlock device and a notice of said restriction appeared on the face of his physical license constituted willful and wanton conduct and a conscious and intentional disregard of and indifference to the rights and safety of others, which Defendant knew or should

have known were reasonably likely to result in injury, damage, or harm, entitled Plaintiffs to an award of punitive damages.

157.    Upon information and belief, officers, directors, or managers of Defendant Enterprise Leasing Company – Southeast, LLC were involved in the evaluation of Defendant Dustin Ringle's request to be listed as an "additional authorized driver" and the decision to allow him to be listed as an "additional authorized driver" despite him having an ignition interlock restriction on his license, which appeared on the face thereof.

158.    Upon information and belief, officers, directors, or managers of Defendant Enterprise Leasing Company – Southeast, LLC participated in or condoned the conduct constituting willful or wanton conduct and giving rise to punitive damages.

159.    Defendant Enterprise Leasing Company – Southeast, LLC's negligence, gross negligence, and willful and wanton conduct in negligently entrusting the above-described vehicle to Defendant Dustin Ringle was a direct and proximate cause of the injuries to Plaintiffs as set forth above.

160.    As a result of Defendant Enterprise Leasing Company – Southeast, LLC negligence, gross negligence, and willful and wanton conduct, as set forth above, Plaintiffs are entitled to recover compensatory and punitive damages in an amount in excess of $25,000.

### NINTH CLAIM FOR RELIEF:
### *PUNITIVE DAMAGES - DEFENDANT ENTERPRISE LEASING COMPANY – SOUTHEAST, LLC*

161.    The allegations contained in Paragraphs 1 through Paragraph 160 above are realleged and incorporated as if fully set forth herein.

162.    Based on the allegations as outlined above, Defendant Enterprise Leasing Company – Southeast, LLC is liable to Plaintiffs for compensatory damages.

163.    Upon information and belief, Defendant Enterprise Leasing Company – Southeast, LLC's actions as described above constitute the conscious and intentional disregard of and indifference to the rights and safety of others, which

Defendant Enterprise Leasing Company – Southeast, LLC knew or should have known were reasonably likely to result in injury, damage, or harm.

164.     Upon information and belief, officers, directors, or managers of Defendant Enterprise Leasing Company – Southeast, LLC were involved in the evaluation of Defendant Dustin Ringle's request to be listed as an "additional authorized driver" and the decision to allow him to be listed as an "additional authorized driver" despite him having an ignition interlock restriction on his license, which appeared on the face thereof.

165.     Upon information and belief, officers, directors, or managers of Defendant Enterprise Leasing Company – Southeast, LLC participated in or condoned the conduct constituting willful or wanton conduct and giving rise to punitive damages.

166.     Upon information and belief, Defendant Enterprise Leasing Company – Southeast, LLC's actions as described above were a direct and proximate cause of the collision and the resulting injuries and damages to Plaintiffs, and Plaintiffs are entitled to recover punitive damages in an amount in excess of $25,000.

## TENTH CLAIM FOR RELIEF:
### *NEGLIGENT, GROSSLY NEGLIGENT, AND WILLFUL AND WANTON ENTRUSTMENT - DEFENDANT EAN HOLDINGS, LLC*

167.     The allegations contained in Paragraphs 1 through Paragraph 166 above are realleged and incorporated as if fully set forth herein.

168.     Upon information and belief, the 2017 Dodge truck, license plate number EKS5348, operated by Defendant Dustin Ringle at the time and place set forth above was owned by Defendant EAN Holdings, LLC.

169.     Upon information and belief, Defendant Dustin Ringle was operating the 2017 Dodge truck, license plate number EKS5348, pursuant to a rental agreement with Defendant Enterprise Leasing Company – Southeast, LLC and with the consent and authority of Defendant EAN Holdings, LLC.

170.     Upon information and belief, Defendant Dustin Ringle was an "additional authorized driver" on Rental Agreement 442848730 with Defendant Enterprise Leasing Company – Southeast, LLC on the 2017 Dodge truck, license plate

number EKS5348, with the consent and authority of Defendant EAN Holdings, LLC.

171.    As alleged above, Defendant Dustin Ringle was an incompetent driver due to his history of impaired driving and the license issued to Defendant Dustin Ringle by the State of Kansas restricts the licensee to the use and operation of a vehicle equipped with an ignition interlock device and a notice of said restriction appeared on the face of his physical license.

172.    Upon information and belief, Defendant EAN Holdings, LLC knew or should have known Defendant Dustin Ringle was an incompetent driver based on a simple review of his driver's license, which included an ignition interlock restriction on the face thereof.

173.    Upon information and belief, policies enacted by Defendant Enterprise Leasing Company – Southeast, LLC, EAN Holdings, LLC, and Enterprise Holdings, Inc. mandated any license which, on its face, restricts the licensee to the use and operation of a vehicle equipped with an ignition interlock device shall not be accepted for purposes of renting and/or driving one of their vehicles and any person holding such a license with an ignition interlock restriction is not to be allowed to rent or operate any vehicle owned by the above-described companies.  Accordingly, upon information and belief, based on said policies, Defendant Dustin Ringle's license with the restrictions described above should not have been allowed to rent or operate any rental vehicle owned or leased by said companies.

174.    Defendant EAN Holdings, LLC knew, or should have known, that Defendant Dustin Ringle was likely to use the entrusted rental vehicle in a manner that involves the unreasonable risk of physical harm to himself or others.

175.    Defendant EAN Holdings, LLC was negligent in their own right in that they negligently entrusted the above-described automobile to Defendant Dustin Ringle when they knew, or in the exercise of reasonable care, should have known, that Defendant Dustin Ringle was not a safe or reliable driver, that he did not respect the laws of the road or North Carolina's automobile laws, that he had a history of impaired driving, that he was only authorized by the laws of the State of Kansas to operate a vehicle equipped with an ignition interlock device as

reflected on the face of his driver's license, and in such other and further ways as may be proven through discovery and at trial.

176.     Upon information and belief, prior to the collision referred to herein, Defendant Dustin Ringle was charged and/or convicted of a number of separate traffic violations.

177.     Upon information and belief, Defendant Dustin Ringle has been convicted of the following offenses:

   i.   Involuntary manslaughter while DUI on August 19, 2011 arising out of an incident on August 29, 2010 in the State of Kansas;

   j.   Driving while impaired on August 19, 2011 arising out of an incident on August 29, 2010 in the State of Kansas;

   k.   Driving while license revoked on August 19, 2011 arising out of an incident on August 29, 2010 in the State of Kansas; and

   l.   Driving while impaired on July 14, 2009 arising out of an incident on April 10, 2007 in the State of Kansas.

178.     Upon information and belief, Defendant Dustin Ringle was determined to be a "habitual violator" as such terms are defined in K.S.A. § 8-285 on November 8, 2011.

179.     Upon information and belief, the State of Kansas has imposed a restriction on the driver's license of Defendant Dustin Ringle such that he is only authorized to drive a vehicle equipped with an ignition interlock device, and notice of said restriction appeared on the face of his physical license.  Said interlock restriction was in effect on July 18, 2017 and was in full force and effect when Defendant Dustin Ringle's driver's license was provided to Defendant Enterprise Leasing Company – Southeast, LLC and Defendant EAN Holdings, LLC.

180.     Defendant EAN Holdings, LLC had a duty to exercise reasonable care to know about the driving record, driving abilities, and driver's license status of Defendant Dustin Ringle, particularly in light of the ignition interlock restriction in full force and effect on said license which also appeared on the face thereof.

181.     Defendant EAN Holdings, LLC breached their duty to exercise reasonable care to know about the driving record, driving abilities, and driver's license status of Defendant Dustin Ringle.

29

182.    Defendant EAN Holdings, LLC was negligent in that they:

a.  Breached their duty to other operators of motor vehicles on the highways of the State of North Carolina by failing to know or take reasonable care to learn about the inability of Defendant Dustin Ringle to comply with the laws of the road;

b.  Failed to properly train Defendant Dustin Ringle in the operation of motor vehicles;

c.  Permitted Defendant Dustin Ringle to operate a vehicle as an "additional authorized driver" when his license restricts the licensee to the use and operation of a vehicle equipped with an ignition interlock device and the 2017 Dodge truck, license plate number EKS5348, was not equipped with an ignition interlock device;

d.  Permitted Defendant Dustin Ringle to operate a vehicle that was not equipped with an ignition interlock device;

e.  Violated the terms and conditions of its own rental agreement or other applicable policies by authorizing Defendant Dustin Ringle to operate the 2017 Dodge truck, license plate number EKS5348 as an "additional authorized driver" without a valid license; and

f.  Was negligent in other ways to be proven through discovery and at trial.

183.    As a result of the knowledge that Defendant EAN Holdings, LLC had or should have had, their decision to authorize Defendant Dustin Ringle to operate the 2017 Dodge truck, license plate number EKS5348 constituted negligent entrustment of said vehicle to Defendant Dustin Ringle.

184.    Moreover, Defendant EAN Holdings, LLC's actions in authorizing Defendant Dustin Ringle to operate the 2017 Dodge truck, license plate number EKS5348, when they were aware the license issued to Defendant Dustin Ringle by the State of Kansas restricts the licensee to the use and operation of a vehicle equipped with an ignition interlock device and a notice of said restriction appeared on the face of his physical license constituted gross negligence and an intentional wrongdoing or deliberate misconduct affecting the safety of others, where the act was done purposely and with knowledge that such an act was a breach of duty to other motorists in North Carolina, including Plaintiffs. Said actions constituted a conscious disregard of the safety of others, including Plaintiffs.

185. Moreover, Defendant EAN Holdings, LLC's actions in authorizing Defendant Dustin Ringle to operate the 2017 Dodge truck, license plate number EKS5348, when they were aware the license issued to Defendant Dustin Ringle by the State of Kansas restricts the licensee to the use and operation of a vehicle equipped with an ignition interlock device and a notice of said restriction appeared on the face of his physical license constituted willful and wanton conduct and a conscious and intentional disregard of and indifference to the rights and safety of others, which Defendant knew or should have known were reasonably likely to result in injury, damage, or harm, entitled Plaintiffs to an award of punitive damages.

186. Upon information and belief, officers, directors, or managers of Defendant EAN Holdings, LLC were involved in the evaluation of Defendant Dustin Ringle's request to be listed as an "additional authorized driver" and the decision to allow him to be listed as an "additional authorized driver" despite him having an ignition interlock restriction on his license, which appeared on the face thereof.

187. Upon information and belief, officers, directors, or managers of Defendant EAN Holdings, LLC were involved in the evaluation of Defendant Dustin Ringle's request to be listed as an "additional authorized driver" and the decision to allow him to be listed as an "additional authorized driver" despite the ignition interlock restriction on the face of his driver's license. Upon information and belief, officers, directors, or managers of Defendant EAN Holdings, LLC participated in or condoned the conduct constituting willful or wanton conduct and giving rise to punitive damages.

188. Defendant EAN Holdings, LLC's negligence, gross negligence, and willful and wanton conduct in negligently entrusting the above-described vehicle to Defendant Dustin Ringle was a direct and proximate cause of the injuries to Plaintiffs as set forth above.

189. As a result of Defendant EAN Holdings, LLC's negligence, gross negligence, and willful and wanton conduct, as set forth above, Plaintiffs are entitled to recover compensatory and punitive damages in an amount in excess of $25,000.

## ELEVENTH CLAIM FOR RELIEF:
### *PUNITIVE DAMAGES - DEFENDANT EAN HOLDINGS, LLC*

190.     The allegations contained in Paragraphs 1 through Paragraph 189 above are realleged and incorporated as if fully set forth herein.

191.     Based on the allegations as outlined above, Defendant EAN Holdings, LLC is liable to Plaintiffs for compensatory damages.

192.     Upon information and belief, Defendant EAN Holdings, LLC's actions as described above constitute the conscious and intentional disregard of and indifference to the rights and safety of others, which Defendant EAN Holdings, LLC knew or should have known were reasonably likely to result in injury, damage, or harm.

193.     Upon information and belief, officers, directors, or managers of Defendant EAN Holdings, LLC were involved in the evaluation of Defendant Dustin Ringle's request to be listed as an "additional authorized driver" and the decision to allow him to be listed as an "additional authorized driver" despite the license issued to Defendant Dustin Ringle by the State of Kansas restricting the licensee to the use and operation of a vehicle equipped with an ignition interlock device and a notice of said restriction appeared on the face of his physical license.

194.     Upon information and belief, officers, directors, or managers of Defendant EAN Holdings, LLC participated in or condoned the conduct constituting willful or wanton conduct and giving rise to punitive damages.

195.     Upon information and belief, Defendant EAN Holdings, LLC's actions as described above were a direct and proximate cause of the collision and the resulting injuries and damages to Plaintiffs, and Plaintiffs are entitled to recover punitive damages in an amount in excess of $25,000.

## TWELFTH CLAIM FOR RELIEF:
### *NEGLIGENT HIRING, TRAINING, SUPERVISION, OR RETENTION - DEFENDANTS EAN HOLDINGS, LLC, ENTERPRISE LEASING COMPANY – SOUTHEAST, LLC; and ENTERPRISE HOLDINGS, INC.*

196.     The allegations contained in Paragraphs 1 through Paragraph 195 above are realleged and incorporated as if fully set forth herein.

197.     Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. constitute the largest rental car company in the United States and have more than 5,400 "home city" locations and 419 airport locations throughout the country.

198.     Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. owed Plaintiffs and other members of the public a legal duty of care to exercise reasonable care in the hiring, supervision, training, and retention of its employees, particularly so with respect to employees who would be responsible for determining which individuals will be allowed access to rental cars for operation on public roads including those in North Carolina.

199.     Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. owed the general public, including Plaintiffs, a duty to determine the qualifications of its employees including, but not limited to, (a) adequately evaluating applicants before hiring them to ensure they will exercise good judgment and follow applicable policies and regulations pertaining to authorizing drivers to use rental motor vehicles; (b) adequately training and supervising these employees in the applicable policies and regulations pertaining to whether individuals should be allowed to operate rental motor vehicles; and (c) adequately evaluating these employees' job performance so as to discharge any incompetent or negligent employee before he or she improperly granted access to a rental vehicle to someone who in turn injured the public and/or its property.

200.     Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. owed Plaintiffs and other members of the public a legal duty of care to determine that their employees and agents made sure that any person allowed to rent or operate an Enterprise rental vehicle was duly qualified to do so, held a valid driver's license, and did not violate any applicable restrictions on said driver's license such as an ignition interlock restriction.

201.     Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. owed Plaintiffs and other members of the public a legal duty of care to ensure their employees prevented any person with a demonstrated history of impaired driving from operating an Enterprise rental vehicle.

202.     Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. owed Plaintiffs and other members of the public a legal duty of care to ensure that proper policies were developed to prevent drivers with demonstrated histories of impaired driving and with license restrictions requiring ignition interlock devices would not be allowed to operate rental vehicles.

203.     Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. owed Plaintiffs and other members of the public a legal duty of care to ensure that their employees and agents were properly trained with respect to policies which were or should have been developed to prevent drivers with demonstrated histories of impaired driving and with license restrictions requiring ignition interlock devices would not be allowed to operate rental vehicles and owed a further duty to ensure that such policies were correctly followed at all times.

204.     At all times relevant herein, Defendant Dustin Ringle was incompetent to operate a motor vehicle because he was impaired and not in compliance with the ignition interlock restriction on his license.

205.     Upon information and belief, Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc., by and through their employees and agents, were or should have been aware of Defendant Dustin Ringle's driving record, prior history of substance abuse, and the presence of the ignition interlock restriction on his license.

206.     Defendant Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc., and their employees and agents, knew or should have known of Defendant Dustin Ringle's incompetence as a simple review of the face of his driver's license would have revealed the existence of an ignition interlock restriction.

207.     Prior to the acts occurring on July 18, 2017 as referenced above by Defendant Dustin Ringle, Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. had either actual or constructive notice of Defendant Dustin Ringle's incompetence.

208.     Nonetheless, Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc., through its employees

and agents permitted and allowed Defendant Dustin Ringle to be listed as an "additional authorized driver" of, and to operate, the 2017 Dodge truck, license plate number EKS5348, on July 18, 2017.

209.    Specifically, Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. authorized and permitted Defendant Dustin Ringle to be listed as an "additional authorized driver" for the 2017 Dodge truck, license plate number EKS5348, despite the fact that they knew or should have known the license issued to Defendant Dustin Ringle by the State of Kansas restricted the licensee to the use and operation of a vehicle equipped with an ignition interlock device and a notice of said restriction appeared on the face of his physical license.

210.    Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. failure to ensure compliance with its policies and regulations pertaining to interlock ignition license restrictions, failure to properly train its employees, failure to discharge employees who did not follow its policies, and failure to supervise its employees in their application of said policies was a proximate cause of the resulting injuries and damages to Plaintiffs, and Plaintiffs are entitled to recover damages in an amount in excess of $25,000 from Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc.

### THIRTEENTH CLAIM FOR RELIEF:
### *PUNITIVE DAMAGES - DEFENDANTS EAN HOLDINGS, LLC, ENTERPRISE LEASING COMPANY – SOUTHEAST, LLC; and ENTERPRISE HOLDINGS, INC.*

211.    The allegations contained in Paragraphs 1 through Paragraph 210 above are realleged and incorporated as if fully set forth herein.

212.    Based on the allegations as outlined above, Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. are liable to Plaintiffs for compensatory damages.

213.    Upon information and belief, the actions of Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. as described above constitute the conscious and intentional disregard of and indifference to the rights and safety of others, which Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc.

knew or should have known were reasonably likely to result in injury, damage, or harm.

214.     Upon information and belief, officers, directors, or managers of Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. were involved in the evaluation of Defendant Dustin Ringle's request to be listed as an "additional authorized driver" and the decision to allow him to be listed as an "additional authorized driver" despite the ignition interlock restriction on the face of his driver's license.

215.     Upon information and belief, officers, directors, or managers of Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. were involved in the development of policies which were or should have been developed to prevent drivers with demonstrated histories of impaired driving and with license restrictions requiring ignition interlock devices from operating rental vehicles and were also involved in the hiring, training, and retention of employees and agents who were responsible for enforcing said policies.

216.     Upon information and belief, officers, directors, or managers of Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. participated in or condoned the conduct constituting willful or wanton conduct and giving rise to punitive damages, which included but is not limited to failing to develop or properly enforce policies to prevent drivers such as Defendant Dustin Ringle with demonstrated histories of impaired driving and with license restrictions requiring ignition interlock devices from operating rental vehicles; failing to properly hire, train, and retain employees who were responsible for enforcing said policies, and failing to properly monitor their employees to ensure that said policies were properly followed and enforced

217.     Upon information and belief, the actions of Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. as described above were a direct and proximate cause of the collision and the resulting injuries and damages to Plaintiffs, and Plaintiffs are entitled to recover punitive damages in an amount in excess of $25,000.

## FOURTEENTH CLAIM FOR RELIEF:
### *VICARIOUS LIABILITY – ENTERPRISE HOLDINGS, INC.*

218.     The allegations contained in Paragraphs 1 through Paragraph 217 above are realleged and incorporated as if fully set forth herein.

219.     Upon information and belief, the sole member of Defendant Enterprise Leasing Company – Southeast, LLC is Defendant Enterprise Holdings, Inc.

220.     Upon information and belief, the sole member of Defendant EAN Holdings, LLC is Defendant Enterprise Holdings, Inc.

221.     Upon information and belief, Defendant Enterprise Leasing Company – Southeast, LLC is an agent of Enterprise Holdings, Inc.

222.     Upon information and belief, EAN Holdings, LLC is an agent of Enterprise Holdings, Inc.

223.     Upon information and belief, all policies, procedures, terms, and/or conditions upon which Defendant Enterprise Leasing Company – Southeast, LLC rents vehicles are established by Defendant Enterprise Holdings, Inc.

224.     Upon information and belief, at all times relevant hereto, all agents and/or employees of Defendant Enterprise Leasing Company – Southeast, LLC were acting within the course and scope of their employment, agency, and/or servitude with Defendant Enterprise Holdings, Inc.

225.     Upon information and belief, at all times relevant hereto, all agents and/or employees of Defendant EAN Holdings, LLC were acting within the course and scope of their employment, agency, and/or servitude with Defendant Enterprise Holdings, Inc.

226.     Upon information and belief, at all times relevant hereto, all agents and/or employees of Defendant Enterprise Leasing Company – Southeast, LLC were engaged in the work and were about the business of Defendant Enterprise Holdings, Inc.

227.     Upon information and belief, at all times relevant hereto, all agents and/or employees of Defendant EAN Holdings, LLC were engaged in the work and were about the business of Defendant Enterprise Holdings, Inc.

228.     Upon information and belief, at all times relevant hereto, the business in which all agents and/or employees of Defendant Enterprise Leasing Company – Southeast, LLC were engaged at the time was within the course and scope of its authority and/or agency with Defendant Enterprise Holdings, Inc.

229.     Upon information and belief, at all times relevant hereto, the business in which all agents and/or employees of Defendant EAN Holdings, LLC were engaged at the time was within the course and scope of its authority and/or agency with Defendant Enterprise Holdings, Inc.

230.     Based on the above, the negligence of Defendant Enterprise Leasing Company – Southeast, LLC is imputed to its agent, Defendant Enterprise Holdings, Inc., by operation of the principal-agent relationship between said parties.

231.     Based on the above, the negligence of Defendant EAN Holdings, LLC is imputed to its agent, Defendant Enterprise Holdings, Inc., by operation of the principal-agent relationship between said parties.

232.     In the alternative, the negligence of Defendant Enterprise Leasing Company – Southeast, LLC and/or EAN Holdings, LLC is imputed to Defendant Enterprise Holdings, Inc. by operation of the doctrine of *respondeat superior*.

## **FIFTEENTH CLAIM FOR RELIEF:**

### *JOINT VENTURE LIABILITY AMONGST ENTERPRISE HOLDINGS, INC., EAN HOLDINGS, INC., and ENTERPRISE LEASING COMPANY – SOUTHEAST, LLC*

233.     The allegations contained in Paragraphs 1 through Paragraph 232 above are realleged and incorporated as if fully set forth herein.

234.     Upon information and belief, Enterprise Holdings, Inc., EAN Holdings, Inc., and Enterprise Leasing Company – Southeast, LLC formed an association of entities with intent, by way of contract, express or implied, to engage in and carry out a single business venture for the purpose of renting vehicles to customers for joint profit, for which purpose they combined their efforts, property, money, skill, and knowledge.

235.     Upon information and belief, there was an agreement amongst Enterprise Holdings, Inc., EAN Holdings, Inc., and Enterprise Leasing Company – Southeast, LLC to engage in the business venture of renting vehicles to customers with joint sharing of profits.

236.     Upon information and belief, Enterprise Holdings, Inc., EAN Holdings, Inc., and Enterprise Leasing Company – Southeast, LLC each had a right in some measure to direct the conduct of the others through a necessary fiduciary relationship arising from their joint venture.

237.     Upon information and belief, Pamela Nicholson, President and Chief Executive Officer of Enterprise Holdings, Inc., also serves as manager of EAN Holdings, LLC.

238.     Upon information and belief, Andrew Taylor, Executive Chairman of Enterprise Holdings, Inc., also serves as manager of EAN Holdings, LLC.

239.     Upon information and belief, Rick Short, Executive Vice President and Chief Financial Officer of Enterprise Holdings, Inc. also serves as manager of EAN Holdings, LLC.

240.     Upon information and belief, Donald Ross, Vice Chairman of Enterprise Holdings, Inc. also serves as President of Enterprise Leasing Company – Southeast, LLC.

241.     Upon information and belief, Enterprise Holdings, Inc., EAN Holdings, LLC, and Enterprise Leasing Company – Southeast, LLC also share other officers, directors, and/or managers.

242.     Upon information and belief, the shared officers, directors, and/or managers between Enterprise Holdings, Inc., EAN Holdings, LLC, and Enterprise Leasing Company – Southeast, LLC exert control over all three of those entities in pursuit of their joint venture for rental of vehicles to customers for joint profit.

243.     Upon information and belief, Enterprise Holdings, Inc., EAN Holdings, LLC, and Enterprise Leasing Company – Southeast, LLC share employees

without reimbursing one another for the cost of the services provided in support of their joint venture.

244. Upon information and belief, Enterprise Holdings, Inc., EAN Holdings, LLC, and Enterprise Leasing Company – Southeast, LLC work together in support of their joint venture, at minimum by having Enterprise Holdings, Inc. develop policies and procedures for employees of all three entities to follow in renting vehicles; EAN Holdings, LLC owning the vehicles to be rented; and Enterprise Leasing Company – Southeast, LLC contracting for the rental of said vehicles for profit.

245. Upon information and belief, by virtue of their joint venture, Enterprise Holdings, Inc., EAN Holdings, LLC, and Enterprise Leasing Company – Southeast, LLC owe fiduciary duties to one another and stand in the relation of principal, as well as agent, as to one another.

246. As alleged and described above, Defendants Enterprise Holdings, Inc., EAN Holdings, LLC, and Enterprise Leasing Company Southeast, LLC were negligent, grossly negligent, and acted willfully or wantonly in allowing Defendant Dustin Ringle to be listed as an "additional authorized driver" when the face of his driver's license contained an ignition interlock restriction. These defendants were further negligent, grossly negligent, and acted willfully or wantonly in developing and enforcing policies for renting their vehicles and in hiring, training, supervising, and retaining their respective employees who were responsible for enforcing said policies and for negligently entrusting Defendant Dustin Ringle with a motor vehicle that was not licensed to operate.

247. Upon information and belief, the negligence, gross negligence, and willful or wanton conduct of Defendants Enterprise Holdings, Inc., EAN Holdings, LLC, and Enterprise Leasing Company Southeast, LLC, as alleged and described above, is imputed to one another.

248. The actions of Defendants EAN Holdings, LLC, Enterprise Leasing Company Southeast, LLC, and Enterprise Holdings, Inc. as described above were a direct and proximate cause of the collision and the resulting injuries and damages to Plaintiffs, and Plaintiffs are entitled to recover compensatory and punitive damages in an amount in excess of $25,000.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray the Court for the following:

1. Judgment against Defendants for compensatory damages in an amount in excess of $25,000 plus interest from the date this suit was instituted;

2. Judgment against Defendant Dustin Ringle for punitive damages in an amount in excess of $25,000 plus interest from the date this suit was instituted;

3. Judgment against Defendant True's Custom Floor Coverings, Inc. for punitive damages in an amount in excess of $25,000 plus interest from the date this suit was instituted;

4. Judgment against Defendant Enterprise Leasing Company – Southeast, LLC for punitive damages in an amount in excess of $25,000 plus interest from the date this suit was instituted;

5. Judgment against Defendant EAN Holdings, LLC for punitive damages in an amount in excess of $25,000 plus interest from the date this suit was instituted;

6. Judgment against Defendant Enterprise Holdings, Inc. for punitive damages in an amount in excess of $25,000 plus interest from the date this suit was instituted;

7. That Plaintiff's claims for punitive damages be exempt from the limitation on the amount of punitive damages pursuant to N.C. Gen. Stat. § 1D-26;

8. For trial by jury;

9. Attorneys' fees and cost; and

10. Any other relief that the Court deems just and proper.

This the 16th day of March, 2018.

HUNTER & PRICE, P.A.

By:    /s/ Justin B. Hunter
        JUSTIN B. HUNTER
        Attorney for Plaintiffs
        Post Office Box 277
        Kenansville, NC  28349
        Phone: (910) 296-9838
        Fax: (910) 296-9836
        jbh@hunterandprice.com
        NC State Bar No.: 36837

YOUNG MOORE AND HENDERSON, P.A.

By:    /s/ Michael S. Rainey
        MICHAEL S. RAINEY
        Attorney for Plaintiffs
        Post Office Box 31627
        Raleigh, North Carolina  27622
        Phone: (919) 782-6860
        Fax:  (919) 782-6753
        msr@youngmoorelaw.com
        NC State Bar No.:  37009

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he electronically filed the foregoing *First Amended Complaint* with the Clerk of Court using the CM/ECF system and he served the foregoing document upon the attorneys shown below through the CM/ECF system or by depositing a copy of same in the United States mail, postage prepaid, addressed to said attorney:

This the 16th day of March, 2018.

YOUNG MOORE AND HENDERSON, P.A.


By:    /s/ Michael S. Rainey
        MICHAEL S. RAINEY
        Attorney for Plaintiffs
        Post Office Box 31627
        Raleigh, North Carolina  27622
        Phone: (919) 782-6860
        Fax:  (919) 782-6753
        msr@youngmoorelaw.com
        NC State Bar No.:  37009


Served on:

R. Anthony Hartsoe
Hartsoe & Associates, P.C.
1068 West Fourth Street
Winston Salem, NC 27101
Telephone: 336-725-1985
Facsimile: 877-726-1784
*Counsel for EAN Holdings, LLC;*
*Enterprise Leasing Company – Southeast, LLC*
*and Enterprise Holdings, Inc.*

43

J. Douglas Baldridge
Theodore B. Randles
Venable, LLP
600 Massachusetts Ave NW
Washington, D.C. 20001
Telephone: (202) 344-4703
Facsimile: (202) 344-8300
jbaldridge@venable.com
tbrandles@venable.com
*Counsel for EAN Holdings, LLC;*
*Enterprise Leasing Company – Southeast, LLC*
*and Enterprise Holdings, Inc.*

Dustin Ringle
760 S. 5th St.
Salina, KS 67401

Devlin K. Horton
Hedrick Gardner Kincheloe &
Garofalo, LLP
300 North Third Street, Ste. 420
Wilmington, NC 28401
*Counsel for True's Custom Floor*
*Covering, Inc.*