IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:18-CV-29-FL

| | |
|---|---|
| RUPERT FUTREAL individually and as Administrator of the Estate of ELNA FUTREAL,<br>　　　　Plaintiffs,<br><br>v.<br><br>DUSTIN RINGLE,<br>TRUE'S CUSTOM FLOOR COVERINGS, INC.<br>EAN HOLDINGS, LLC,<br>ENTERPRISE LEASING COMPANY – SOUTHEAST, LLC, and<br>ENTERPRISE HOLDINGS, INC.,<br>　　　　Defendants. | **PLAINTIFFS' MOTION TO COMPEL DISCOVERY** |

　　　　Plaintiff Rupert Futreal, Individually and as Administrator of the Estate of Elna Futreal, (hereinafter "Plaintiffs"), by and through the undersigned counsel, and pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rules 7.1 and 7.2, moves the Court for an Order compelling Defendants EAN Holdings, LLC, Enterprise Leasing Company – Southeast, LLC, and Enterprise Holdings, Inc. (hereinafter collectively "Enterprise Defendants") to fully respond to *Plaintiffs' First Set of Requests for Production of Documents to Enterprise*. In support of this Motion, Plaintiffs show unto the Court as follows:

　　　　1.　　Plaintiffs served its First Sets of Requests for Production of Documents on each Enterprise entity on March 27, 2018.

　　　　2.　　Pursuant to Rule 26(d)((2), the Requests were considered served as of April 4, 2018, the date of the parties' Rule 26(f) conference.

3. Pursuant to the parties' Joint Rule 26(f) Report, Enterprise Defendants' Responses were due sixty (60) days after service, or June 4, 2018.

4. On June 4, 2018, counsel for Enterprise Defendants emailed a single written Response on behalf of all the Enterprise Defendants that purported to respond to Plaintiffs' Requests. In said response, the Enterprise Defendants objected to each and every Request for Production and failed to produce any documents with its Responses. (See Exhibit A – Enterprise Responses). The Enterprise Responses contained nine pages of "General Objections" which were incorporated by reference into almost every individual response to the document requests.

5. In addition, with respect to a majority of Plaintiffs' Requests, Enterprise Defendants failed to state with specificity the grounds for objecting to each Request and, instead, responded with unspecific, boilerplate objections

6. Furthermore, Enterprise Defendants failed to assert any claim of privilege in response to the individual discovery requests, and failed to produce a privilege log. Enterprise Defendants' sole objection as to privilege is found in Enterprise Defendants' "General, Definitional, and Instructional Objections."

7. On June 6, 2018, counsel for Enterprise Defendants confirmed by email that no documents had been produced, but failed to identify a set date or time when documents would be produced. Instead, counsel indicated that Enterprise Defendants "expect[] to be able to make a production soon, subject to coming to agreement with plaintiffs on the scope of the requests." (See Exhibit B – June 6, 2018 email from Theodore Randles).

8. On June 7, 2018, Plaintiffs' counsel mailed and e-mailed correspondence objecting to Enterprise Defendants' failure to produce any documents and advising that Plaintiffs' attorneys planned to meet and confer with counsel for Enterprise Defendants

2
Case 7:18-cv-00029-FL   Document 78   Filed 08/01/18   Page 2 of 8

following plaintiff Rupert Futreal's deposition the following Monday.  (See Exhibit C – June 7, 2018 correspondence from Michael Rainey).

9. On June 8, 2018, counsel for Enterprise Defendants responded by indicating that Plaintiffs' discovery requests needed to be narrowed to properly correspond to the needs of the case.  Counsel for Enterprise Defendants further noted that any delays in the discovery process were due to the alleged overbreadth of the discovery requests "and the need to schedule meet and confers to address those requests."  Finally, counsel for Enterprise Defendants stated that Enterprise Defendants would not meet and confer following Mr. Futreal's deposition on June 11, but, instead, would provide "a number of availabilities for a meet and confer" following the deposition. (See Exhibit D - June 8, 2018 correspondence from Theodore Randles).

10. On June 11, 2018, following Mr. Futreal's deposition, Plaintiffs' counsel attempted to meet and confer with local counsel for Enterprise Defendants.  Local counsel declined to meet and confer, advising that the Washington, D.C. attorneys for Enterprise Defendants would need to address the discovery dispute.

11. Thereafter, on June 12, 2018, Plaintiffs' counsel emailed counsel for Enterprise Defendants to request dates and times for a meet and confer conference.  (See Exhibit E – June 12, 2018 correspondence from Michael Rainey).

12. On June 14, 2018, the parties met and conferred by telephone regarding Plaintiffs' discovery concerns.

13. Earlier on June 14, 2018, and prior to the meet and confer conference, Enterprise Defendants produced their first document production, consisting of 58 pages of documents in the following general categories:

a. Correspondence from Allstate, the insurer for True's Custom Floor Covering, to Plaintiffs' counsel Justin Hunter denying Plaintiffs' claims;

b. Medicare beneficiary lookup response for Rupert Futreal;

c. Several media articles regarding the accident in question and Defendant Ringle's prior fatal traffic accident;

d. Correspondence between Enterprise and Defendant Ringle's insurer regarding the property damage claim for the rented Dodge Ram

e. Kansas driving record for Defendant Ringle;

f. Purchase invoice and title for the Dodge Ram;

g. Photographs and repair estimates for the Dodge Ram;

h. Rental agreement summary for the Dodge Ram;

i. Accident report; and

j. An excel spreadsheet regarding the maintenance history of the Dodge Ram.

14. This first document production failed to respond fully to Plaintiffs' written requests.

15. During the meet and confer conference, the parties discussed each discovery response at issue, but were unable to resolve the discovery dispute. Plaintiffs thereafter requested a telephonic conference with the Court pursuant to the Case Management Order. Counsel for the Enterprise Defendants objected to the request for a telephonic conference on the grounds that it was premature.

16. On June 20, 2018, Enterprise Defendants produced their second document production consisting of 231 pages of documents in the following general categories:

a. Employment/personnel file materials for Glen Jacobson;

b. Enterprise Holdings job descriptions for various positions;

c. Kansas Department of Revenue documents and records regarding Defendant Ringle and ignition interlock devices which had previously been filed with the Court by the Enterprise Defendants;

d. Enterprise Management Training Program, Group 53, New Hire Orientation manual;

e. Enterprise North Carolina Underwriting Guidelines;

f. Enterprise Internal Sales Training Participant Guide manual;

g. Computer screenshots pages 1-5 of 6 indicated pages; and

h. Spreadsheet of various Enterprise employees and job titles.

17. The June 20, 2018 document production failed to respond fully to Plaintiffs' written discovery requests.

18. On June 22, 2018, the Court held a telephonic discovery conference and ordered Enterprise Defendants to respond to Plaintiffs' written discovery requests by July 6, 2018.

19. On July 6, 2018, Enterprise Defendants produced their third document production, consisting of 78 pages of documents in the following general categories:

a. Iron Mountain retention schedule for daily rental operations;

b. Protection Product Sales PowerPoint slide deck;

c. New Hire Orientation, North Carolina – Group 53 PowerPoint slide deck;

d. Enterprise Holdings Privacy Awareness Training PowerPoint slide deck;

e. Enterprise Holdings Cycle of Service Training PowerPoint slide deck; and

f. Enterprise Car Sales New Hire Training PowerPoint slide deck.

20. Despite this most recent document production, Enterprise Defendants' written responses and document production remain evasive and incomplete. As but one example, in their initial disclosures, Enterprise Defendants identified an "Investigative file on accident." (See Exhibit F – Enterprise Defendants' Initial Disclosures) Enterprise Defendants have failed to produce any such document or claim that the document is privileged.

21. Specifically, Plaintiffs seek to compel production of the following broadly defined categories of documents:

    a. Documents related to the subject accident (RPD Nos.: 1-9, 30, 47, and 48);

    b. Documents related to the rental of the subject vehicle (RPD Nos.: 13, 42, 45, 49, and 50-51);

    c. Enterprise Defendants' policies, procedures, and training materials regarding the rental of vehicles to the public (RPD Nos.: 36-38, 40-41, 43, 52, 55, 59, and 65-66); and

    d. Enterprise Defendants' corporate documents (RPD Nos.: 54, 61-62, 56-57).

22. As more fully set forth in Plaintiffs' supporting memorandum, Enterprise Defendants have waived any objections to Plaintiffs' Requests by failing to state and assert the objections with specificity.

23. In addition, Enterprise Defendants have waived any privilege objection to Plaintiffs' Requests by failing to properly assert the privilege or produce a privilege log.

24. Finally, Plaintiffs' Requests are relevant to the claims and defenses raised in this action and proportional to the needs of the case.

25. The undersigned certifies that he has in good faith conferred and attempted to confer with counsel for Enterprise Defendants in an effort to secure the information and

documents without court action.  In addition to a meet and confer by telephone among the parties on June 14, 2018 and a telephonic conference with the Court on June 22, 2018, counsel further raised these issues by email with counsel for Enterprise Defendants on July 23, 2018.  (See Exhibit G – July 23, 2018 correspondence from Michael Rainey)  As of the date of filing this Motion, counsel for Enterprise Defendants has not responded to Plaintiffs' counsel's email.

**WHEREFORE**, for the foregoing reasons, and as more fully set forth in Plaintiffs' supporting memorandum, Plaintiff Rupert Futreal, Individually and as Administrator of the Estate of Elna Futreal, respectfully requests that this Court:

1. Grant Plaintiffs' Motion to Compel Discovery;

2. Enter an order compelling Enterprise Defendants to provide full and complete responses to Plaintiffs' discovery requests identified above;

3. Pursuant to Rule 37(a)(5), require Enterprise Defendants to pay Plaintiffs' reasonable expenses incurred in making this Motion, including attorney's fees; and

4. Grant further relief as the Court deems just and proper.

This the 1st day of August, 2018.

HUNTER & PRICE, P.A.

By: /s/ Justin B. Hunter
JUSTIN B. HUNTER
NC State Bar No.: 36837
Post Office Box 277
Kenansville, NC  28349
Phone: (910) 296-9838
Fax: (910) 296-9836
jbh@hunterandprice.com
*Attorney for Plaintiffs*

YOUNG MOORE & HENDERSON, P.A.

By: /s/ Michael S. Rainey
MICHAEL S. RAINEY
NC State Bar No.: 37009
DAVID A. SENTER, JR.
NC State Bar No.: 44782
Post Office Box 31627
Raleigh, NC 27622
Phone: (919) 782-6860
Fax: (919) 782-6753
Michael.Rainey@youngmoorelaw.com
David.Senter@youngmoorelaw.com
*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and thereby served the foregoing document upon the attorneys shown below.

This 1st day of August, 2018.

        YOUNG MOORE AND HENDERSON, P.A.

By: /s/ Michael S. Rainey
MICHAEL S. RAINEY
N.C. State Bar No.: 37009
DAVID A. SENTER, JR.
N.C. State Bar No.: 44782
Post Office Box 31627
Raleigh, North Carolina 27622
Phone: (919) 782-6860
Fax: (919) 782-6753
Michael.Rainey@youngmoorelaw.com
David.Senter@youngmoorelaw.com
*Attorneys for Plaintiffs*

Served on:

R. Anthony Hartsoe
Hartsoe & Associates, P.C.
1068 West Fourth Street
Winston Salem, NC 27101
*Counsel for EAN Holdings, LLC;*
*Enterprise Leasing Company – Southeast, LLC*
*and Enterprise Holdings, Inc.*

J. Douglas Baldridge
Theodore B. Randles
Venable, LLP
600 Massachusetts Ave NW
Washington, D.C. 20001
*Counsel for EAN Holdings, LLC;*
*Enterprise Leasing Company – Southeast, LLC*
*and Enterprise Holdings, Inc.*

Camilla F. DeBoard
Teague Rotenstreich Stanaland Fox &
  Holt, P.L.L.C.
P.O. Box 1898
Greensboro, NC 27402-1898
*Counsel for Dustin Ringle*

Jeffrey H. Blackwell
Devlin K. Horton
Hedrick Gardner Kincheloe &
Garofalo, LLP
300 North Third Street, Ste. 420
Wilmington, NC 28401
*Counsel for True's Custom Floor*
*Covering, Inc.*

4507009/001038-001