## THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION
## No. 7:18-CV-29-FL

| | | |
|---|---|---|
| RUPERT FUTREAL, et al., | ) | **RESPONSES AND** |
| | ) | **OBJECTIONS TO** |
| Plaintiffs, | ) | **PLAINTIFFS' FIRST SET** |
| | ) | **OF REQUESTS FOR** |
| vs. | ) | **PRODUCTION** |
| | ) | |
| DUSTIN RINGLE, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Enterprise Leasing Company – Southeast, LLC; EAN Holdings, LLC and Enterprise Holdings, Inc. (together, "Enterprise") hereby object and respond to Plaintiffs' First Set of Requests for Production of Documents to Enterprise (the "Requests") as follows:

## <u>GENERAL OBJECTIONS</u>

1.      Unless specifically noted herein, each of these General Objections applies to each Definition, Instruction, and Request.

2.      Enterprise objects to each Definition, Instruction, and Request to the extent that it calls for the disclosure of information protected by any privilege or protection, including without limitation the attorney-client privilege, the work product doctrine, community of interest privilege, joint defense privilege and any other available and valid grounds for withholding information from disclosure.  Nothing contained in these objections and responses is intended to be, or in any way constitutes, a waiver of any applicable privilege or immunity.  Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege nor of any other basis for objecting to the use of such material or its subject matter.  Enterprise expressly reserves the right to object to the use or introduction of such information.

3.      Enterprise objects to each Definition, Instruction and Request to the extent it is not limited to documents in Enterprise's possession, custody or control.  Enterprise will produce

1

EXHIBIT A

non-privileged documents that are responsive to Plaintiffs' Requests as indicated in its specific responses that are within Enterprise's possession, custody or control. In addition, Enterprise reserves the right to seek additional protection pursuant to Rule 26(c)(1) or any other applicable laws or rules.

## DEFINITIONS

A.    "**Complaint**" refers to the first amended complaint in this captioned action.

**RESPONSE TO DEFINITION A:** No objection.

B.    "**You**" and/or "**Defendant**" shall be defined to refer to Defendant to whom this set of discovery materials is addressed. Wherever a question refers to the contentions, knowledge, or awareness of "you", "you" is defined to include you and your agents, employees, representatives and attorneys.

**RESPONSE TO DEFINITION B:** No objection.

C.    "**The collision**" shall refer to the vehicular collision which is the subject of this lawsuit.

**RESPONSE TO DEFINITION C:** No objection.

D.    "**Document**" is used in its customary broad sense to mean, by way of illustration, and not by way of limitation:

1.    All written, printed, typed, recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in the actual or constructive possession, custody or control of defendant, or defendant's attorneys, including but not limited to all writings, letters, e-mails, minutes, bulletins, correspondence, telegrams, memoranda, notes, instructions, literature, work assignments, notebooks, records, agreements, contracts, notations of telephone or personal conversations or conferences, intra and out of office communications, microfilm, circulars, pamphlets, advertisements, catalogues, studies, notices, summaries, reports, books, invoices, graphs, photographs, drafts, data sheets, data compilations, computer data sheets, computer data

Case 7:18-cv-00029-FL   Document 78-1   Filed 08/01/18   Page 2 of 37

compilations, work sheets, statistics, speeches and other writings, tape-recordings, transcripts of tape-recordings, phonograph records, data compilations from which information may be obtained or can be translated through detection into reasonably usable form, or any other tangible thing;

2.     Originals and all other copies not absolutely identical; and

3.     All drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

4.     The pronouns "he," "him" or "his" include "she," "her," "hers," and "they" or "theirs" when appropriate.

**RESPONSE TO DEFINITION D:** No objection.

E.     "**Describe with particularity**" means to give a full and complete narrative account of the information requested without omission of all relevant facts, whether deemed material by Defendant or not, and without omission of information which could lead to the discovery of admissible evidence, all within the spirit of the discovery rules.

**RESPONSE TO DEFINITION E:** Enterprise objects to this Definition because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina. Enterprise will comply with those rules.

F.     "**Identify**", when used in reference to an individual **person**, shall be read and defined to call for a full and complete description of the **identity** and **location** of the person, to include all such information reasonably available to this answering defendant regarding the person's full name, including any other names by which such person has been known, and his or her present or last known address and phone number.

**RESPONSE TO DEFINITION F:** Enterprise objects to the purported definition of the term "Identify" as unduly burdensome in that it requires Enterprise to produce information that it does not track or otherwise maintain in the normal course of business. Enterprise further objects to this Definition because it imposes a burden not required under the Federal Rules of Civil

Case 7:18-cv-00029-FL    Document 78-1    Filed 08/01/18    Page 3 of 37

Procedure or the local rules of the Eastern District of North Carolina. Enterprise will comply with those rules.

G.       "**Identify**" when used in reference to a business, governmental or other legal **entity** shall be read and defined to call for a <u>full and complete description of the **identity** and **location**</u> of the entity, to include all such information reasonably available to this answering defendant regarding the entity's name and the address and phone number of its principal offices with which you have had contact.

**RESPONSE TO DEFINITION G:** Enterprise objects to the purported definition of the term "Identify" as unduly burdensome in that it requires Enterprise to produce information that it does not track or otherwise maintain in the normal course of business. Enterprise further objects to this Definition because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina. Enterprise will comply with those rules.

H.       "**Identify**" when used in reference to a **document** (as herein below described), shall be read and defined to call for a <u>full and complete description of the **identity**, **discoverability** and **location(s)**</u> of the document, to include all such information reasonably available to this defendant regarding the date and general nature of the document, the general subject matter(s) of the document's contents, the name and address of the author(s) and recipients, and, if you contend the document to be privileged or otherwise excluded from discovery, your basis for same.

**RESPONSE TO DEFINITION H:** Enterprise objects to the purported definition of the term "Identify" as unduly burdensome in that it requires Enterprise to produce information that it does not track or otherwise maintain in the normal course of business. Enterprise further objects to this Definition because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina. Enterprise will comply with those rules.

I.       "**Identify**" when used in reference to an **unrecorded communication** (as defined herein) shall be read to call for <u>a complete description of the **nature** and</u>

4

**participants** of the communication, to include all such information reasonably available to this answering defendant regarding the date and place it was made, the name and address of each and every person who participated in or was witness to the communication; the manner of such conversation or oral communication (i.e.-- whether by telephone, face-to-face, etc.); and the verbatim content or a detailed description of the communication.

**RESPONSE TO DEFINITION I:** Enterprise objects to the purported definition of the term "Identify" as unduly burdensome in that it requires Enterprise to produce information that it does not track or otherwise maintain in the normal course of business. Enterprise further objects to this Definition because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina. Enterprise will comply with those rules.

      J.      "**Unrecorded Communication**" shall mean any method by which ideas or expressions, whether articulated or nonverbal, are transmitted between persons or entities and shall include by way of illustration, and not by way of limitation, oral statements, conversations, conferences, signs, gestures, and other, non-verbal transmissions of ideas.

**RESPONSE TO DEFINITION J:** No objection.

      K.      "**Identify**", when used referring to a **diagram, drawing plat or other illustration**, shall be read and defined to call for a <u>complete description of the identity and present whereabouts</u> of the item in question, to include all such information reasonably available to this answering defendant regarding the general nature of the item; the subject matter(s); the identity, by name and address, of the present custodians; the date(s) the item was created; and the identities, by name and address, of the creators and collaborators.

**RESPONSE TO DEFINITION K:** Enterprise objects to the purported definition of the term "Identify" as unduly burdensome in that it requires Enterprise to produce information that it does not track or otherwise maintain in the normal course of business. Enterprise further objects to this Definition because it imposes a burden not required under the Federal Rules of Civil

Case 7:18-cv-00029-FL   Document 78-1   Filed 08/01/18   Page 5 of 37

Procedure or the local rules of the Eastern District of North Carolina. Enterprise will comply with those rules.

L. "**Identify**", when used referring to an **experiment, test, measurement, inspection or other observation**, shall be read and defined to call for a complete description of the identity and present whereabouts of the item in question, to include all such information reasonably available to this answering defendant regarding the general nature of the item; the subject matter(s); the identity, by name and address, of the present custodians; the date(s) the item was conducted; and the identities, by name and address, of the participants and witnesses.

**RESPONSE TO DEFINITION L:** Enterprise objects to the purported definition of the term "Identify" as unduly burdensome in that it requires Enterprise to produce information that it does not track or otherwise maintain in the normal course of business. Enterprise further objects to this Definition because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina. Enterprise will comply with those rules.

M. "**Identify**" when used in reference to a **photograph, film, videotape, audiotape or some other recording**, shall be read and defined to call for a complete description of the identity and whereabouts of the item, to include all such information reasonably available to this answering defendant regarding the date and general nature; the general subject matter(s); and, the identity, by name and address, of the producer(s) and present custodians.

**RESPONSE TO DEFINITION M:** Enterprise objects to the purported definition of the term "Identify" as unduly burdensome in that it requires Enterprise to produce information that it does not track or otherwise maintain in the normal course of business. Enterprise further objects to this Definition because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina. Enterprise will comply with those rules.

6

N.     "**Identify**", when used in reference to a **standard, statute or regulation**, or to sets thereof, shall be defined to call for a <u>complete description of the identity and whereabouts</u> of each item, to include all such information reasonably available to this answering defendant regarding the title(s): the date of promulgation or issuance; the issuing or publishing body or entity; a present address for obtaining a copy; and the time period in which the item was in effect.

**RESPONSE TO DEFINITION N:** Enterprise objects to the purported definition of the term "Identify" as unduly burdensome in that it requires Enterprise to produce information that it does not track or otherwise maintain in the normal course of business.  Enterprise further objects to this Definition because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina.  Enterprise will comply with those rules.

O.     "**Identify**", when used in reference to an **expert witness**, shall be defined to call for a <u>complete identification and disclosure of opinions and factual basis  pursuant to Rule 26(b)(4)(A)(I)</u> by indicating, the witness's full name and business address; the witness's areas of expertise or specialty; the subject matter upon which the witness is expected to testify as an expert; the substance of the facts and opinions to which the expert is expected to testify; and, the grounds for each opinion.

**RESPONSE TO DEFINITION O:** Enterprise objects to the purported definition of the term "Identify" as unduly burdensome in that it requires Enterprise to produce information that it does not track or otherwise maintain in the normal course of business.  Enterprise further objects to this Definition because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina.  Enterprise will comply with those rules.

## <u>PRIVILEGE</u>

If any document referred to or identified in response to any Request for Production would be identified, described, or produced except for the fact that a privilege against such identification, description, or production is claimed, then please prepare a Privilege Log and set forth for each such document:

A.     Its date, title, type of document, and its length;

**<u>RESPONSE TO PRIVILEGE A</u>:** Enterprise objects to this Instruction because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina.  Enterprise will comply with those rules.

B.     Its writer, preparer, sender, addressee and every person receiving copies;

**<u>RESPONSE TO PRIVILEGE B</u>:** Enterprise objects to this Instruction because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina.  Enterprise will comply with those rules.

C.     A general description of its subject matter;

**<u>RESPONSE TO PRIVILEGE C</u>:** No objection.

D.     The exact grounds on which the objection to production is based;

**<u>RESPONSE TO PRIVILEGE D</u>:** Enterprise objects to this Instruction because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina.  Enterprise will comply with those rules.

E.     The identity of all persons, in addition to those identified as required by section (b), supra, known to you who have seen the document; and

**<u>RESPONSE TO PRIVILEGE E</u>:** Enterprise objects to this Instruction because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina.  Enterprise will comply with those rules.

F.     The identity of the person now in possession of the document.

**<u>RESPONSE TO PRIVILEGE F</u>:** Enterprise objects to this Instruction because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina.  Enterprise will comply with those rules.

## DOCUMENT NO LONGER IN EXISTENCE

If any document referred to or identified in response to in any Request for Production, was at one time in existence and under Defendant's or Defendant's attorneys' possession, custody or control, but has been lost, discarded or destroyed, or has been removed from Defendant's or Defendant's attorneys' possession, custody or control, then with respect to each such document:

A.      Identify and describe such document by date, title, and type of document;

**RESPONSE:** Enterprise objects to this Instruction because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina.  Enterprise will comply with those rules.

B.      State when each such document was most recently in the possession or subject to the control of Defendant, or Defendant's attorneys, and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

**RESPONSE:** Enterprise objects to this Instruction because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina.  Enterprise will comply with those rules.

C.      State when such document was transferred or destroyed, identify the person who transferred or destroyed such document and the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction and state the reason such document was transferred or destroyed; and

**RESPONSE:** Enterprise objects to this Instruction because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina.  Enterprise will comply with those rules.

D.      Identify all persons having knowledge of the contents thereof.

**RESPONSE:** Enterprise objects to this Instruction because it imposes a burden not required under the Federal Rules of Civil Procedure or the local rules of the Eastern District of North Carolina.  Enterprise will comply with those rules.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.      Any and all statements, whether oral, written, or recorded and/ or whether signed or unsigned that have been taken from any person who has any knowledge whatsoever or claims to have any knowledge whatsoever of the incident described in the Complaint, the events either immediately prior or subsequent thereto, and/or the events related to the review and approval of Dustin Ringle as an additional authorized driver whether the statement was taken on behalf of Defendant or not.

**RESPONSE TO REQUEST NO. 1:**      Enterprise objects to this Request as vague, overbroad and seeking documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, in that it is not limited to statements relating to the incident described in the Complaint.

Subject to this objection and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Statements taken from any person with knowledge of the incident described in the Complaint relating to the incident described in the Complaint.


2.      Any and all reports that are related in any way to the incident described in the Complaint, whether the report was prepared by Defendant or not.

**RESPONSE TO REQUEST NO. 2:**      Subject to the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Reports relating to the incident described in the Complaint.


3.      Any and all documents that relate in any way to any investigation that has been conducted of the incident described in the Complaint, whether the investigation was conducted on behalf of Defendant or not.

**RESPONSE TO REQUEST NO. 3:**      Enterprise objects to this Request to the extent it is duplicative of Request No. 1.

Case 7:18-cv-00029-FL   Document 78-1   Filed 08/01/18   Page 10 of 37

Subject to this objection and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Documents relating to any investigation by Enterprise relating to the incident described in the Complaint.

4.       Any and all notes, whether written or recorded, that relate in any way to any statements taken from any person who has any knowledge whatsoever or claims to have any knowledge whatsoever of the incident described in the Complaint, the events immediately prior or subsequent thereto, and/or the events related to the review and approval of Defendant Dustin Ringle as an additional authorized driver.

**RESPONSE TO REQUEST NO. 4:**       Enterprise objects to this Request to the extent it is duplicative of Request No. 3.

Subject to this objection and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Documents relating to statements taken from any person with knowledge of the incident described in the Complaint.

5.       Any and all photographs, videotapes, movies, or sound recordings of the motor vehicles involved in the incident described in the Complaint and/ or the area where the incident described in the Complaint occurred, whether the photographs, videotapes, movies, or sound recordings were taken on behalf of Defendant or not.

**RESPONSE TO REQUEST NO. 5:**       Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to a reasonable time frame.

Subject to this objection and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Media created within 180 days of the date of the incident described in the Complaint depicting (1) the vehicles involved in the incident or (2) the scene of the incident.

6.     Any and all field notes and/ or drawings that relate in any way to the incident described in the Complaint, the motor vehicles involved in the incident described in the Complaint, and/ or the area where the incident described in the Complaint occurred.

**RESPONSE TO REQUEST NO. 6:**     Enterprise objects to this Request to the extent it is duplicative of Request No. 3.

Subject to this objection and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Documents describing or depicting the incident described in the Complaint.

7.     Any and all documents that relate in any way to the testing, inspection, and/ or maintenance of the vehicles involved in the incident described in the Complaint at any time during the one hundred and eighty-four (184) day period prior to said incident and the one hundred and eighty-four (184) day period after said incident.

**RESPONSE TO REQUEST NO. 7:**     Subject to the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Maintenance and inspection records and any test results for the vehicles involved in the incident described in the Complaint that were created within 184 days of the incident described in the Complaint.

8.     All written communications, which relate to the incident, the rental of the vehicle in question, the review and approval of Defendant Dustin Ringle as an additional authorized driver, and/or Plaintiff's alleged injuries.

**RESPONSE TO REQUEST NO. 8:**     Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to a reasonable time frame.

Subject to this objection and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

12

Documents created from the date of the rental agreement until the date on which the original complaint was filed that relate to (1) the incident described in the Complaint, (2) the rental of any vehicle involved in the incident, (3) the review and approval of Dustin Ringle as an additional driver, and (4) Plaintiffs' alleged injuries.

9.     All documents, including any applications, notices, proofs of loss, reports or writings, sent or submitted by or on behalf of Defendant, or by said Defendant's agents, servants or employees, to any insurance company, or any agent, broker, adjuster, or investigator of any insurance company, which relate in any manner to the rental of the vehicle in question, the review and approval of Defendant Dustin Ringle as an additional authorized driver, the incident, and/or injury.

**RESPONSE TO REQUEST NO. 9:**     Enterprise objects to this Request as seeking information that is irrelevant to the claims and defenses at issue in this case. Enterprise further objects to this Request as seeking duplicative information in that in seeks information disclosed in Enterprise's initial disclosure.

Enterprise will not provide any documents in response to this Request, but it refers Plaintiffs to Enterprise's initial disclosure.

10.     All documents received by Defendant, or by said Defendant's agents, servants or employees, from any insurance company, which relate in any manner to the incident, the review and approval of Defendant Dustin Ringle as an additional authorized driver, and/ or injury.

**RESPONSE TO REQUEST NO. 10:**     Subject to the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Documents received from any insurance company that relate to (1) the incident described in the Complaint, (2) the review and approval of Dustin Ringle as an additional driver, and (3) Plaintiffs' alleged injuries.

11.     All documents sent or submitted to any government agency, including but not limited to local, state or federal, by any person which relate in any manner to the incident, the review and approval of Defendant Dustin Ringle as an additional authorized driver, and/or injury.

13

**RESPONSE TO REQUEST NO. 11:** Subject to the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Documents submitted to any government agency that relate to (1) the incident described in the Complaint, (2) the review and approval of Dustin Ringle as an additional driver, and (3) Plaintiffs' alleged injuries.

12. All documents prepared by any government agency which relate in any manner to the review and approval of Defendant Dustin Ringle as an additional authorized driver, the incident, and/ or injury.

**RESPONSE TO REQUEST NO. 12:** Subject to the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Documents received from any government agency that relate to (1) the incident described in the Complaint, (2) the review and approval of Dustin Ringle as an additional driver, and (3) Plaintiffs' alleged injuries.

13. Any and all document[s] evidencing, describing, pertaining or relating to whether any entity or person, including but not limited to Plaintiff and Defendant, violated any local state or federal codes, regulations, ordinances or standards, or any industry standards, which caused or contributed to cause the incident.

**RESPONSE TO REQUEST NO. 13:** Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it purports to include an unlimited number of persons beyond the Plaintiffs and Defendants.

Subject to this objection and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Documents related to whether a violation of state or federal law by the Plaintiffs or Defendants contributed to or caused the incident described in the Complaint.

14

14.     Any and all documents evidencing, describing, pertaining or relating to the allegations contained in Defendant's Answers to Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 14:**     Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to a reasonable time frame.  Enterprise further objects to this Request as premature in that it seeks documents relating to legal responses that do not exist.

Enterprise will not produce any documents in response to this Request, but will supplement its production as required during the course of the case.


15.     Any and all documents evidencing, describing, pertaining or relating to the allegations contained in any affirmative defense(s) contained in Defendant's Answer to the Complaint.

**RESPONSE TO REQUEST NO. 15:**     Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to a reasonable time frame.  Enterprise further objects to this Request as premature in that it seeks documents relating to legal responses that do not exist.

Enterprise will not produce any documents in response to this Request, but will supplement its production as required during the course of the case.


16.     Any and all documents evidencing, describing, pertaining or relating to how the incident occurred.

**RESPONSE TO REQUEST NO. 16:**     Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to a reasonable time frame.  Enterprise further objects to this Request to the extent it is duplicative of Request Nos. 3-6.

Subject to this objection and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Documents created from the date of the rental agreement until the date on which the original complaint was filed that relate to the incident described in the Complaint that describe the incident.

17.     Any and all documents evidencing, describing, pertaining or relating to the names and most current known addresses of each and every witness to the incident or to the events leading to Defendant Dustin Ringle being listed as an additional authorized driver.

**RESPONSE TO REQUEST NO. 17:**     Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to a reasonable time frame. Enterprise further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it purports to require Enterprise to investigate and discover every person, without limitation, who has knowledge of any discoverable matter. Enterprise further objects to this Request as seeking duplicative information in that in seeks information disclosed in Enterprise's initial disclosure. Enterprise further objects to this Request as unduly burdensome because it seeks to impose obligations on Enterprise beyond those required by the Federal Rules of Civil Procedure in that the Request improperly functions as an interrogatory by purporting to require Enterprise to examine, review, and compile especially for Plaintiffs a set of disparate documents from disparate sources.

Enterprise will not provide any documents in response to this Request, but it refers Plaintiffs to Enterprise's initial disclosure.

18.     Any and all documents evidencing, describing, pertaining or relating to the names and most current known addresses of each and every person having knowledge of any discoverable matter in this action.

**RESPONSE TO REQUEST NO. 18:**     Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to a reasonable time frame. Enterprise further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it purports to require Enterprise to investigate and discover every person, without limitation, who has knowledge of any discoverable matter. Enterprise further objects to this Request as seeking duplicative information in that in seeks information disclosed in Enterprise's initial disclosure. Enterprise further objects to this Request as unduly burdensome because it seeks to impose obligations on Enterprise beyond those required by the Federal Rules of Civil Procedure in that the Request improperly functions as

16

an interrogatory by purporting to require Enterprise to examine, review, and compile especially for Plaintiffs a set of disparate documents from disparate sources.

Enterprise will not provide any documents in response to this Request, but it refers Plaintiffs to Enterprise's initial disclosure.

19.     Any and all documents evidencing, describing, pertaining or relating to the facts and circumstances surrounding the incident, including, but not limited to, everything Defendant Dustin Ringle did in the 60 seconds immediately preceding the incident, everything Defendant Dustin Ringle was doing at the time of the incident, and everything Defendant Dustin Ringle did in the 20 seconds immediately after the incident.

**RESPONSE TO REQUEST NO. 19:**     Enterprise objects to this Request as duplicative of Request No. 16, and it incorporates herein its Responses and Objections to that Request.

Enterprise will not produce any documents at this time beyond what is produced in response to Request No. 16, but it will meet and confer with Plaintiffs regarding whether there are any additional documents responsive to this request beyond the documents produced in response to Request No. 16.

20.     Any and all documents evidencing, describing, pertaining or relating to the distance the motor vehicle being operated by Defendant Dustin Ringle was from Plaintiff's motor vehicle when Defendant Dustin Ringle first observed Plaintiff's motor vehicle.

**RESPONSE TO REQUEST NO. 20:**     Enterprise objects to this Request as vague and ambiguous in that in that it requires Enterprise to predict when, or if, Dustin Ringle first observed Plaintiffs' vehicle.  Enterprise further objects to this Request as duplicative of Request Nos. 16 and 17, and it incorporates herein its Responses and Objections to those Requests.

Enterprise will not produce any documents at this time beyond what it produced in response to Request No. 16, but it will meet and confer with Plaintiffs regarding whether there are any additional documents responsive to this request beyond the documents produced in response to Request No. 16.

21.     Any and all documents evidencing, describing, pertaining or relating to where Defendant Dustin Ringle had been at any time during the twenty-four (24) hours preceding the incident.

**RESPONSE TO REQUEST NO. 21:**     Subject to the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Any documents that describe Dustin Ringle's location in the 24 hours preceding the incident described in the Complaint.

22.     Any and all documents evidencing, describing, pertaining or relating to whether Plaintiff's conduct caused or contributed to causing the incident.

**RESPONSE TO REQUEST NO. 22:**     Subject to the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Documents describing any conduct of Plaintiffs that contributed or caused the incident described in the Complaint.

23.     Any and all documents evidencing, describing, pertaining or relating to whether any Plaintiff was negligent at or before the time of the incident, and whether said negligence caused or contributed to cause the incident.

**RESPONSE TO REQUEST NO. 23:**     Enterprise objects to this Request as vague and ambiguous in that in that it requires Enterprise, rather than the Court, to determine whether the Plaintiffs' conduct was negligent.  Enterprise further objects to this Request as duplicative of Request No. 22, and it incorporates herein its Responses and Objections to that Request.

Enterprise will not produce any documents at this time beyond what is produced in response to Request No. 22, but it will meet and confer with Plaintiffs regarding whether there are any additional documents responsive to this request beyond the documents produced in response to Request No. 22.

24.     Any and all documents evidencing, describing, pertaining or relating to Defendant Dustin Ringle's ultimate destination (e.g., home, work, school, etc.) prior to becoming involved in the incident.

**RESPONSE TO REQUEST NO. 24:**        Subject to the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Any documents indicating Dustin Ringle's intended destination prior to becoming involved in the incident described in the Complaint.


25.     Copies of any and all citations, warnings and/or tickets issued to Defendant in connection with the incident.

**RESPONSE TO REQUEST NO. 25:**        Subject to the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Any citations, warnings or tickets issued to Dustin Ringle in connection with the incident described in the Complaint.


26.     A copy of Defendant Dustin Ringle's motor vehicle license.

**RESPONSE TO REQUEST NO. 26:**        Subject to the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

A copy of Dustin Ringle's driver's license.


27.     A copy of the title to the vehicle Defendant Dustin Ringle was operating at the time of the accident.

**RESPONSE TO REQUEST NO. 27:**        Subject to the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

A copy of the title to the vehicle Dustin Ringle was operating at the time of the incident described in the Complaint.


28.     All repair estimates and repair bills relating to any of the vehicles involved in the occurrence.

19

**RESPONSE TO REQUEST NO. 28:** Subject to the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Any repair estimates or bills relating to any vehicle involved in the incident described in the Complaint.

29. All policies of insurance, primary and/ or excess, indicating insurance coverage which may be applicable to cover any potential claims against Defendant with respect to the incident.

**RESPONSE TO REQUEST NO. 29:** Enterprise objects to this Request as seeking information that is irrelevant to the claims and defenses at issue in this case. Enterprise further objects to this Request as seeking duplicative information in that in seeks information disclosed in Enterprise's initial disclosure.

Enterprise will not provide any documents in response to this Request, but it refers Plaintiffs to Enterprise's initial disclosure.

30. Any and all documents, including statements, citations and reports, relative to the incident submitted by Defendant to its insurance agency or department.

**RESPONSE TO REQUEST NO. 30:** Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to a reasonable time frame. Enterprise further objects to this Request as seeking duplicative information in that in seeks information disclosed in Enterprise's initial disclosure.

Enterprise will not provide any documents in response to this Request, but will meet and confer with Plaintiffs regarding whether there is any additional information responsive to this Request that was not contained in Enterprise's initial disclosure.

31. Any and all documents of any nature or kind whatsoever that any expert witness employed by Defendant and/ or anyone acting on its behalf expects to rely upon in expressing any opinion in this case.

**RESPONSE TO REQUEST NO. 31:** Enterprise objects to this Request to the extent it seeks documents protected from disclosure under the Federal Rules of Civil Procedure.

Enterprise further objects to this Request as premature in that it requests documents relating to expert opinions and reports that do not exist.

Enterprise will not produce any documents in response to this Request, but will supplement its production as required during the course of the case.

32.     Any and all reports, including; but not limited to, preliminary reports prepared by any expert witness retained by Defendant and/or anyone acting on its behalf that relates in any way to this case.

**RESPONSE TO REQUEST NO. 32:**     Enterprise objects to this Request to the extent it seeks documents protected from disclosure under the Federal Rules of Civil Procedure. Enterprise further objects to this Request as premature in that it requests documents relating to expert opinions and reports that do not exist.

Enterprise will not produce any documents in response to this Request, but will supplement its production as required during the course of the case.

33.     Any and all documents which Defendant intends to introduce as evidence at the trial of this matter.

**RESPONSE TO REQUEST NO. 33:**     Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it purports to require Enterprise to anticipate its trial strategy at the outset of discovery.  Enterprise further objects to this Request as premature in that it requests trial preparation materials that do not exist.

Enterprise will not produce any documents in response to this Request, but will supplement its production as required during the course of the case.

34.     For any document being withheld from production based on the claim of privilege, provide a log containing the following information with respect to each and every document for which said claim of privilege is being made:

a.     The date on which such document was prepared or finalized;

b.     The name and last known address of the author of the documents;

c.     The name and last known address of the recipient of the documents;

d.      A brief description of the subject matter covered in the document; and

e.      The exact basis of the claim of privilege.

**RESPONSE TO REQUEST NO. 34:**      Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it purports to impose requirements beyond those required by the Federal Rules of Civil Procedure.  Enterprise further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to a reasonable time frame.  Enterprise further objects to this Request as unduly burdensome in that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure and local rule of the Eastern District of North Carolina.

Enterprise will not produce any documents in response to this Request, but will meet and confer with Plaintiffs on the privilege log to be produced by Enterprise.


35.      Please produce a copy of the title and bill of sale for the vehicle being operated by Defendant Ringle at the time of accident and any and all other records in your possession regarding transfer of any interest in said vehicle amongst the Enterprise defendants.

**RESPONSE TO REQUEST NO. 35:**      Enterprise objects to this Request to the extent it is duplicative of Request No. 27, and it incorporates herein its Responses and Objections to that Request.

Subject to this objection and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Any bill of sale for the vehicle being operated by Dustin Ringle during the incident described in the Complaint.


36.      Please produce a copy of all policies, protocols, requirements, and procedures applicable to the rental of any vehicle by a member of the public from 2012 to present.

**RESPONSE TO REQUEST NO. 36:**      Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to a reasonable time period, but instead seeks Enterprise's policies for a period of six years. Enterprise further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks policy documents that were not in effect at the time of the

22

incident described in the Complaint and thus are irrelevant to the claims and defenses at issue in this case.

Subject to this objection and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Documents regarding the policies and procedures for qualifying renters that were in effect at the time of the rental transaction described in the Complaint.

37.     Please produce a copy of all policies, protocols, requirements, and procedures applicable to any request to be authorized as an additional driver of any rental vehicle by a member of the public from 2012 to present.

**RESPONSE TO REQUEST NO. 37:**     Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to a reasonable time period, but instead seeks Enterprise's policies for a period of six years. Enterprise further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks policy documents that were not in effect at the time of the incident described in the Complaint and thus are irrelevant to the claims and defenses at issue in this case.  Enterprise further objects to this Request as duplicative of Request No. 36, and it incorporates herein its Responses and Objections to that Request.

Enterprise will not produce any documents at this time beyond what is produced in response to Request No. 36, but it will meet and confer with Plaintiffs regarding whether there are any additional relevant documents responsive to this request beyond the documents produced in response to Request No. 36.

38.     Please produce a copy of all training materials, whether in electronic, digital, or paper form, used in the training of employees who will be responsible for determining if a person will be authorized to rent a vehicle or be listed as an additional authorized driver from 2012 to present.

**RESPONSE TO REQUEST NO. 38:**     Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to a reasonable time period, but instead seeks Enterprise's policies for a period of six years.

Enterprise further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks policy documents that were not in effect at the time of the incident described in the Complaint and thus are irrelevant to the claims and defenses at issue in this case. Enterprise further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to policies in effect at the RDU location described in the Complaint and thus seeks documents that are irrelevant to the claims and defenses at issue in this case. Enterprise further objects to the phrase "authorized to rent" as vague and ambiguous.

Subject to these objections and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Training materials regarding the policies and procedures for qualifying renters in effect at the time of the rental transaction described in the Complaint at the RDU location described in the Complaint.

39.     Please produce a copy of the complete personnel file for each and every employee involved in the rental of the subject vehicle and the decision to list Dustin Ringle as an additional authorized driver.

**RESPONSE TO REQUEST NO. 39:**     Enterprise objects to this Request as unduly burdensome in that it seeks documents that are irrelevant and immaterial to the issues of liability in this case. Enterprise further objects to this Request as overbroad and unduly burdensome to the extent it seeks personal, private and confidential information regarding the employees involved.

Enterprise will not produce any documents in response to this Request at this time, but it will meet and confer with Plaintiffs regarding what relevant information Plaintiffs seek from employee personnel files.

40.     Please produce a copy of all training records for every employee involved in the rental of the subject vehicle and the decision to list Dustin Ringle as an additional authorized driver from the time of said employee's hire through present.

**RESPONSE TO REQUEST NO. 40:** Enterprise objects to this Request on the same grounds that it objected to Request No. 39, and it incorporates herein its Responses and Objections to that Request.

Enterprise will not produce any documents in response to this Request at this time, but it will meet and confer with Plaintiffs regarding what relevant information Plaintiffs seek from employee personnel files.

41. Please produce a copy of all training records for every employee responsible for determining if any person will be allowed to rent a vehicle or listed as an additional authorized driver at the RDU location from 2012 to present.

**RESPONSE TO REQUEST NO. 41:** Enterprise objects to this Request to the extent it is duplicative of Request No. 40, and it incorporates herein its Responses and Objections to that Request. Enterprise further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks training records for Enterprise employees who had no involvement with the incident described in the Complaint. Enterprise further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not reasonably limited in time, but instead seeks training records at the RDU location for a period of six years.

Enterprise will not produce any documents at this time in response to this Request, but it will meet and confer with Plaintiffs regarding what relevant information Plaintiffs seek from employee personnel files of employees with no involvement in the incidents described in the Complaint.

42. Please produce the entire copy of the rental file for the vehicle involved for the period from July 10, 2017 to July 24, 2017 including but not limited to any electronic records related to same and associated meta data.

**RESPONSE TO REQUEST NO. 42:** Enterprise objects to the phrase "rental file" as vague and ambiguous and avers that Enterprise keeps no documents labeled or known as the "rental file."

Subject to this objection and the General, Definitional, and Instructional Objections stated above, Enterprise will produce specific documents requested regarding the rental vehicle involved in the incident described in the Complaint.

43.     Please produce a copy of any employee handbook distributed or otherwise made available to employees at the RDU location from 2012 through the present.

**RESPONSE TO REQUEST NO. 43:**     Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to a reasonable time period, but instead seeks Enterprise's policies for a period of six years, nor is it limited to specific topics or issues that are relevant to the claims or defenses in this case. Enterprise further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks policy documents that were not in effect at the time of the incident described in the Complaint and thus are irrelevant to the claims and defenses at issue in this case. Enterprise further objects to this Request to the extent it seeks confidential or proprietary business documents that can only be produced with an appropriate protective order in place.

Subject to these objections and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Any portion of an employee handbook, in effect at the time of the rental transaction described in the Complaint at the RDU location described in the Complaint, that addresses the qualifications of prospective renters.

44.     Please produce any and all documents regarding the decision to list Dustin Ringle as an additional authorized driver for the rental vehicle in question.

**RESPONSE TO REQUEST NO. 44:**     Enterprise objects to this Request as duplicative of Request No. 8, and it incorporates herein its Responses and Objections to that Request.

Enterprise will not produce any documents at this time beyond what is produced in response to Request No. 8, but it will meet and confer with Plaintiffs regarding whether there are any additional relevant documents responsive to this request beyond the documents produced in response to Request No. 8.

45.     Please produce any and all documents regarding any decision to rent a vehicle to Dustin Ringle, or list him as an additional authorized driver, at any point prior to July 18, 2017. This request specifically includes a request for documents related to any earlier rentals or listing as an additional authorized driver that preceded the rental period at issue in this lawsuit.

**RESPONSE TO REQUEST NO. 45:**     Enterprise objects to this Request as overbroad, unduly burdensome, unreasonable and not proportional to the needs of the case, in that it is not limited to a reasonable time period, but instead seeks rental documents for an indefinite period of time.  Enterprise objects to this Request as overbroad, unduly burdensome, unreasonable and neither relevant to any party's claim or defense nor proportional to the needs of the case, in that it seeks documents relating to rental transactions wholly unrelated to the incident described in the Complaint and thus irrelevant to the claims and defenses at issue in this case.

Enterprise will not produce any documents in response to this Request.

46.     Please produce any photographs of the accident scene or the rental vehicle.

**RESPONSE TO REQUEST NO. 46:**     Enterprise objects to this Request as duplicative of Request No. 5, and it incorporates herein its Responses and Objections to that Request.

Enterprise will not produce any documents at this time beyond what is produced in response to Request No. 5, but it will meet and confer with Plaintiffs regarding whether there are any additional relevant documents responsive to this request beyond the documents produced in response to Request No. 5.

47.     Please produce the complete file for any investigation into the accident.

**RESPONSE TO REQUEST NO. 47:**     Enterprise objects to this Request as duplicative of Request No. 3, and it incorporates herein its Responses and Objections to that Request.

Enterprise will not produce any documents at this time beyond what is produced in response to Request No. 3, but it will meet and confer with Plaintiffs regarding whether there are any additional relevant documents responsive to this request beyond the documents produced in response to Request No. 3.

48.     Please produce copies of any data downloaded from the rental vehicle following the accident, including any airbag control module or other data.

**RESPONSE TO REQUEST NO. 48:**     Subject to the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Any information downloaded after the incident from the rental vehicle involved in the incident described in the Complaint.


49.     Please produce copies of any documents regarding any investigation into the rental of the said vehicle or determination to authorize Dustin Ringle as an additional authorized driver.

**RESPONSE TO REQUEST NO. 49:**     Enterprise objects to this Request as duplicative of Request Nos. 3 and 47, and it incorporates herein its Responses and Objections to that Request.

Enterprise will not produce any documents at this time beyond what is produced in response to Request Nos. 3, but it will meet and confer with Plaintiffs regarding whether there are any additional relevant documents responsive to this request beyond the documents produced in response to Request No. 3.


50.     Please produce copies of any disciplinary records regarding any employee involved in the decision to rent the subject vehicle during the period in question or otherwise involved in the decision to authorize Dustin Ringle as an additional authorized driver.

**RESPONSE TO REQUEST NO. 50:**     Enterprise objects to this Request as duplicative of Request No. 39, and it incorporates herein its Responses and Objections to that Request.

Enterprise will not produce any documents at this time beyond what is produced in response to Request No. 39, but it will meet and confer with Plaintiffs regarding whether there are any additional relevant documents responsive to this request beyond the documents produced in response to Request No. 39.


51.     Please produce a copy of Dustin Ringle's driver's license presented to Enterprise during his application to be listed as an additional authorized driver.

28

**RESPONSE TO REQUEST NO. 51:** Enterprise objects to this Request as duplicative of Request No. 26, and it incorporates herein its Responses and Objections to that Request.

Enterprise will not produce any documents at this time beyond what is produced in response to Request No. 26, but it will meet and confer with Plaintiffs regarding whether there are any additional relevant documents responsive to this request beyond the documents produced in response to Request No. 26.

52. Please provide a copy of your document retention policy.

**RESPONSE TO REQUEST NO. 52:** Subject to the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Enterprise's current document retention policy.

53. Please provide any documents regarding the relationships between the Enterprise defendants, including any graphs, organizational charts, or other documents showing the interrelation amongst the various entities.

**RESPONSE TO REQUEST NO. 53:** Enterprise objects to this Request as overbroad, unduly burdensome, unreasonable and neither relevant to any party's claim or defense nor proportional to the needs of the case, in that it seeks all documents relating in any way to the interrelation amongst the Enterprise Defendants, rather than documents sufficient to show their relationship. Enterprise further objects to this Request as overbroad, unduly burdensome, unreasonable and not proportional to the needs of the case, in that it is not limited to a reasonable time period, but instead seeks all documents for an indefinite period of time. Enterprise further objects to this Request as overbroad, unduly burdensome, unreasonable and neither relevant to any party's claim or defense nor proportional to the needs of the case, in that it seeks documents relating to corporate entities that are wholly unrelated to the incident described in the Complaint.

Subject to these objections and the General, Definitional, and Instructional Objections stated above, Enterprise states that Enterprise Leasing Company – Southeast, LLC and EAN Holdings, LLC are private limited liability companies and that Enterprise Holdings, Inc. is their sole member.

54.     Please produce any documents listing the officers and directors of the various Enterprise Defendants as of July 18, 2017 and the preceding five years.

**RESPONSE TO REQUEST NO. 54:**     Enterprise objects to this Request as overbroad, unduly burdensome, unreasonable and neither relevant to any party's claim or defense nor proportional to the needs of the case, in that it seeks all documents listing Enterprise's officers and directors for a period of five years.  Enterprise further objects to this Request as overbroad, unduly burdensome, unreasonable and neither relevant to any party's claim or defense nor proportional to the needs of the case, in that it seeks documents relating to corporate entities that are wholly unrelated to the incident described in the Complaint.

Enterprise will not produce any documents in response to this Request, but it will meet and confer with Plaintiffs regarding whether there are any relevant documents that are responsive to this Request.


55.     Please produce any documents regarding studies, evaluations, or discussions concerning rental of vehicles to, or authorization of individuals as additional authorized drivers, who have ignition interlock restrictions on their licenses or otherwise have a notation on their license indicating a history if impaired driving generated or used during the five years preceding the date of accident.

**RESPONSE TO REQUEST NO. 55:**     Enterprise objects to this Request as vague, overbroad and seeking documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, in that it requests documents wholly unrelated to the incident described in the Complaint.  Enterprise further objects to this Request as overbroad, unduly burdensome, unreasonable and neither relevant to any party's claim or defense nor proportional to the needs of the case, in that it is not limited to studies and evaluations by Enterprise personnel with control over policies or the rental transaction described in the Complaint, but purports to require Enterprise to examine, review and compile for Plaintiffs a set of disparate documents from disparate sources.  Enterprise further objects to this Request as overbroad, unduly burdensome, and seeking irrelevant information in that it could be interpreted to include unimplemented policies, policy proposals or draft policies that were never given effect.  Enterprise further objects

Case 7:18-cv-00029-FL   Document 78-1   Filed 08/01/18   Page 30 of 37

to this Request as overbroad, unduly burdensome, and seeking irrelevant information in that it seeks former, rescinded policies that are irrelevant to the claims and defenses at issue in this case.

Subject to these objections and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Final, implemented policies, if any, in effect at the RDU location described in the Complaint at the time of the incident described in the Complaint relating to rentals to persons with ignition interlock restrictions.

56.     Please produce copies of any and all pleadings from any lawsuit in which you or any affiliate has been named as a defendant from January 1, 2000 through the present and which involved any allegation or issue regarding the rental of a vehicle to, or authorization as an additional authorized driver, any person with a restriction on their license for an interlock ignition device.

**RESPONSE TO REQUEST NO. 56:**     Enterprise objects to this Request as overbroad, unduly burdensome, unreasonable and not proportional to the needs of the case, in that it is not limited to a reasonable time period, but instead seeks public court documents for a period of 18 years.  Enterprise further objects to this Request as overbroad, unduly burdensome, unreasonable and neither relevant to any party's claim or defense nor proportional to the needs of the case, in that it seeks documents relating to lawsuits that are wholly unrelated to the incident described in the Complaint.  Enterprise further objects to this Request on the ground that the information sought by this Request is publicly available.

Enterprise will not produce any documents in response to this Request, but it directs Plaintiffs to any public filings made on behalf of Enterprise.

57.     Please produce copies of any and all pleadings from any lawsuit in which you or any affiliate has been named as a defendant from January 1, 2000 through the present which involved any allegation or issue regarding the rental of a vehicle to, or the authorization of a person as an additional authorized driver, where such person later was involved in an accident while impaired by any drug, alcohol, or other impairing substance.

**RESPONSE TO REQUEST NO. 57:**     Enterprise objects to this Request as overbroad, unduly burdensome, unreasonable and not proportional to the needs of the case, in that

31

it is not limited to a reasonable time period, but instead seeks public court documents for a period of 18 years. Enterprise further objects to this Request as overbroad, unduly burdensome, unreasonable and neither relevant to any party's claim or defense nor proportional to the needs of the case, in that it seeks documents relating to lawsuits that are wholly unrelated to the incident described in the Complaint. Enterprise further objects to this Request on the ground that the information sought by this Request is publicly available.

Enterprise will not produce any documents in response to this Request, but it directs Plaintiffs to any public filings made on behalf of Enterprise.

58. Produce copies of any corporate minutes referencing, regarding, or relating to the accident in this case, subsequent investigation, and/or any related litigation.

**RESPONSE TO REQUEST NO. 58:** Subject to the General, Definitional, and Instructional Objections stated above, Enterprise has no such corporate minutes.

59. Please produce copies of any documents in your possession relating to the danger of impaired driving as it relates to rental vehicles and rental vehicle drivers.

**RESPONSE TO REQUEST NO. 59:** Enterprise objects to the phrase "impaired driving" as vague and ambiguous in that it could be interpreted to include any physical or mental impairment; i.e. persons with visual restrictions. Enterprise will limit its response to documents relating to driving while intoxicated. Enterprise further objects to this Request as vague, overbroad and seeking documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, in that it requests documents wholly unrelated to the incident described in the Complaint, but purports to require Enterprise to examine, review and compile for Plaintiffs a set of disparate documents from disparate sources. Enterprise further objects to this Request as overbroad, unduly burdensome, unreasonable and neither relevant to any party's claim or defense nor proportional to the needs of the case, in that it is not limited to documents in the possession of Enterprise personnel with control over policies or the rental transaction described in the Complaint, but seeks all documents in the possession of Enterprise. Enterprise further objects to this Request as overbroad, unduly burdensome, and seeking irrelevant information in that it could be interpreted to include unimplemented policies, policy proposals or draft policies that were never given effect.

Enterprise objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information in that it is not limited to a reasonable time frame.

Subject to these objections and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Final, implemented policies in effect at the RDU location described in the Complaint at the time of the incident described in the Complaint relating to driving while intoxicated.

60. Please produce an organizational chart for the RDU location as of July 18, 2017 which identifies each employee by name, title, and area of responsibility.

**RESPONSE TO REQUEST NO. 60:** Enterprise objects to those parts of this Request that purport to obligate Enterprise to create a documentary record that does not exist in the ordinary course of business to "identify" individuals by name, title, and area of responsibility, as it purports to impose burdens on Enterprise beyond those authorized by Fed. R. Civ. P. 34 and attempts to shift to Enterprise the burden of constructing Plaintiffs' case. Enterprise will produce documents kept in the ordinary course of business that it is able to identify through a reasonable search that are sufficient to show the organizational structure and employees of the RDU location. Enterprise further objects to this Request as unduly burdensome and not proportional to the needs of the case in that it seeks organizational information that is irrelevant to the claims and defenses at issue in this case.

Enterprise will not produce documents in response to this Request, but it will meet and confer with Plaintiffs on what relevant documents, if any, are sought by this Request.

61. Please produce copies of your profit and loss statements from 2012 to the present.

**RESPONSE TO REQUEST NO. 61:** Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks financial information that is not relevant to any party's claims or defenses in this case.

Enterprise will not produce documents in response to this Request, but it will meet and confer with Plaintiffs on what relevant documents, if any, are sought by this Request.

62. Please produce copies of your corporate tax returns from 2012 to the present.

33

**RESPONSE TO REQUEST NO. 62:**     Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks financial information that is not relevant to any party's claims or defenses in this case.

Enterprise will not produce documents in response to this Request, but it will meet and confer with Plaintiffs on what relevant documents, if any, are sought by this Request.

63.     Please produce copies of any driving record check or criminal record check pertaining to Dustin Ringle in your possession prior to July 18, 2017.

**RESPONSE TO REQUEST NO. 63:**     Subject to the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Any documents relating to Dustin Ringle's driving or criminal record in Enterprise's possession prior to July 18, 2017.

64.     Please produce copies of any documents listing vehicles in your fleet equipped with an ignition interlock device.

**RESPONSE TO REQUEST NO. 64:**     Enterprise objects to this Request as overbroad, unduly burdensome, unreasonable and neither relevant to any party's claim or defense nor proportional to the needs of the case, in that it seeks all documents in the possession of Enterprise without limitation, rather than those sufficient to show the vehicles in Enterprise's fleet equipped with an ignition interlock device.  Enterprise further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to a reasonable time frame.

Subject to this objection and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Documents sufficient to show vehicles in Enterprise's fleet equipped with an ignition interlock device at the time of the incident described in the Complaint.

65.     Please produce copies of any documents related to any study, evaluation, review, policy or determination as to whether vehicles in your fleet should be equipped with ignition interlock devices.

**RESPONSE TO REQUEST NO. 65:** Enterprise objects to this Request to the extent it is duplicative of Request No. 55, and it incorporates herein its Responses and Objections to that Request. Enterprise further objects to this Request as overbroad, unduly burdensome, and seeking irrelevant information in that it could be interpreted to include unimplemented policies, policy proposals or draft policies that were never given effect. Enterprise objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it is not limited to a reasonable time frame.

Subject to these objections and the General, Definitional, and Instructional Objections stated above, Enterprise will produce the following non-privileged documents responsive to this Request that it is able to identify through a reasonable search:

Final, implemented Enterprise policies relating to the equipping of rental vehicles with ignition interlock devices in effect at the time of the incident described in the Complaint.


66.   Please produce copies of any documents related to any study, evaluation, review, policy or determination as to whether vehicles equipped with interlock ignition devices should be made available to the public for rent.

**RESPONSE TO REQUEST NO. 66:** Enterprise objects to this Request as duplicative of Request Nos. 55 and 65, and it incorporates herein its Responses and Objections to those Requests.

Enterprise will not produce any documents at this time beyond what is produced in response to Request Nos. 55 and 65, but it will meet and confer with Plaintiffs regarding whether there are any additional relevant documents responsive to this request beyond the documents produced in response to Request Nos. 55 and 65.


67.   Please produce copies of the job description for all levels of employee positions at the RDU location from 2012 to present.

**RESPONSE TO REQUEST NO. 67:** Enterprise objects to this Request as unduly burdensome and not proportional to the needs of the case in that it seeks organizational information that is irrelevant to the claims and defenses at issue in this case. Enterprise further objects to this Request as overbroad, unduly burdensome, unreasonable and neither relevant to any party's claim or defense nor proportional to the needs of the case, in that it is not limited to employee positions

35

in existence during the incident described in the Complaint, but seeks all documents in the possession of Enterprise for a six year period.

Enterprise will not produce documents in response to this Request, but it will meet and confer with Plaintiffs on what relevant documents, if any, are sought by this Request.


This 4th day of June, 2018                                    Respectfully Submitted,

                                                            /s/ R. Anthony Hartsoe

                                                            N.C. State Bar # 21018
                                                            thartsoe@hartsoelaw.com
                                                            Hartsoe & Associates, P.C.
                                                            1068 West Fourth Street
                                                            Winston Salem, NC 27101
                                                            Telephone: 336-725-1985
                                                            Facsimile: 877-726-1784

                                                            -and-

                                                            J. Douglas Baldridge
                                                            Theodore B. Randles
                                                            VENABLE LLP
                                                            600 Massachusetts Ave NW
                                                            Washington, D.C. 20001
                                                            Telephone:  (202) 344-4703
                                                            Facsimile:  (202) 344-8300
                                                            jbaldridge@venable.com
                                                            tbrandles@venable.com


                                                            *Counsel for EAN Holdings, LLC; Enterprise
                                                            Leasing Company – Southeast, LLC and
                                                            Enterprise Holdings, Inc.*

## Certificate of Service

I hereby certify that a copy of the foregoing responses and objections was delivered this

4th day of June, 2018, to all counsel of record by electronic mail and as follows:

### By U.S. Mail

Michael Scott Rainey
Young, Moore & Henderson, P.A.
P.O. Box 31627
3101 Glenwood Avenue, Suite 200
Raleigh, NC 27622

Camilla Frances DeBoard
Teague, Rotenstreich, Stanaland, Fox & Holt, LLP
101 S. Elm St., Suite 350
P. O. Box 1898
Greensboro, NC 27401

Devlin K. Horton
Jeffrey H. Blackwell
Hedrick, Gardner, Kincheloe & Garofalo, LLP
300 N 3rd St
Suite 420
Wilmington, NC 28401

/s/ R. Anthony Hartsoe