IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUPERT FUTREAL, individually<br>And as Administrator of the Estate of<br>ELNA FUTREAL,<br><br>    Plaintiffs,<br><br>vs.<br><br>DUSTIN RINGLE; TRUE'S CUSTOM<br>FLOOR COVERING, INC.; EAN<br>HOLDINGS, LLC; ENTERPRISE<br>LEASING COMPANY – SOUTHEAST,<br>LLC; and ENTERPRISE HOLDINGS,<br>INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 7:18-cv-29 |

## **ORDER TO SEAL**

This matter presented by way of Motion to File under Seal by Defendant Dustin Ringle (hereinafter "Ringle"); AND IT APPEARING TO THE COURT that the Court, having reviewed the Motion, Brief in Support of Motion to File under Seal by Defendant Ringle filed on November 21, 2018, the Court orders as follows:

1. All Counsel consent to the entry of this Order.

2. Plaintiffs initiated this lawsuit by filing a complaint on January 9, 2018 in the General Court of Justice, Superior Court Division of Duplin County, North Carolina. On February 20, 2018, counsel for Enterprise Defendants filed a Notice of Removal to the Eastern District of North Carolina. (D.E. *1.)

2

3. The Complaint and subsequent Amended Complaint (D.E. *25) reference certain pending criminal charges pending against Ringle arising out of the accident referenced in the Complaint and Amended Complaint.

4. The Court previously entered an Order sealing Dustin Ringle's Answer to the Amended Complaint. (D.E. *75)

5. Enterprise Leasing-Southeast, LLC ("Enterprise") filed its Answer to the Amended Complaint, which contained a crossclaim against Defendants Dustin Ringle and True's Custom Floor Covering, Inc. (D.E. *86.)

6. The Fourth Circuit utilizes factors to determine whether the records should be filed under seal, these factors including whether release would enhance the public's understanding of an important historical event, whether the public already had access to the information, whether the records are sought for improper purposes or promote a scandal. *Silicon Knights, Inc. v. Epic Games, Inc.,* 5:07-CV-275-D, 2008 WL 2019648 (E.D.N.C. May 8, 2008).

7. If the information sought to be kept private is so pervasive throughout the documents, redaction is not a sufficient alternative. *See Silicon Knights, Inc. v. Epic Games, Inc.,* No.5:07-CV-275, 2011 WL 902256, *2 (E.D.N.C. Mar. 15, 2011).

8. After examining the Answer of Defendant Ringle at issue, the Court finds that all contain confidential information where the risk of harm outweighs any public right to access and the alternatives to sealing are inadequate.

9. After publishing notice of the Motion to Seal of Ringle, the Court has not received any requests for public access to the records sought to be filed under seal, nor any requests for access pursuant to alleged First Amendment rights.

10. The Court has considered alternatives to sealing the records outlined in Ringle's Motion to Seal, but determines that the alternatives would harm Ringle's ability to participate fully in this case, and also harm the Plaintiffs' ability to proceed forward in a timely manner with this case, as the viable alternative would be a motion and order to stay.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Answer of Defendant Ringle to the Crossclaim by Enterprise be filed and maintained under seal in accordance with Section T of the Court's Electronic Case Filing Administrative Policies and Procedure Manual.

This the ___27th___ day of ___November___, 2018.

_____
United States District Judge
Eastern District of North Carolina